**UNITED STATES of America**

**v.**

**Richard LUNA.**

**No. EP–70–CR–92.**

United States District Court,
W. D. Texas,
El Paso Division.

May 7, 1970.

Seagal V. Wheatley, U. S. Atty., Andrew Gary, Asst. U. S. Atty., San Antonio, Tex., for Government.

Gerald B. Shifrin, El Paso, Tex., for defendant.

## ORDER DENYING MOTION TO SUPPRESS

SUTTLE, District Judge.

On the 6th day of May, 1970, came on for consideration and hearing the Defendant's Motion to Suppress, and the Court, having considered the Motion, Brief in support thereof, government's response thereto, and the evidence adduced at the hearing, finds and rules as follows:

Defendant seeks to suppress statements he made to Special Agent James R. Burns and Internal Revenue Agent Fred Hiebert, specifically during an interview October 31, 1967, from 1:00 to 3:45 p. m., and a phone call October 25, 1967, in which the interview was arranged. These statements are summarized in the Agents' memoranda thereof admitted into evidence as Exhibit Nos. 4 and 5. Defendant claims that he was not advised of and did not waive his rights before being questioned as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The Court finds that none of the statements complained of were gained through "custodial interrogation," and that *Miranda* does not apply. See United States v. Prudden, 424 F.2d 1021 (5th Cir., 1970), and cases cited therein. Defendant next contends that IRS News Release No. 897, issued October 3, 1967, required such warnings and waiver regardless of whether *Miranda* did, citing United States v. Heffner, 420 F.2d 809 (4th Cir. 1969). This Court declines to follow *Heffner*. The cases cited in the majority's opinion in *Heffner* dealt with reversals of final agency action because the administrative procedure adopted by the agency was not followed. None dealt with the exclusion of evidence in a federal criminal trial, and hence none, including *Heffner,* weighed the possible value of consistent agency procedures with the need for evidence relevant to the truth sought in a federal criminal trial. While the need to enforce rights granted by the Constitution and laws of the United States may outweigh the interests mitigating against the exclusion of otherwise admissible evidence, the enforcement of an agency policy statement does not, regardless of how desirable that policy might be. The Constitution and laws may of necessity dictate preconditions for the admissibility of evidence in a federal trial; administrative agencies may not.

The Motion to Suppress must therefore be, and the same is hereby, in all things, denied, and it is so ordered.