**William SIMON, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 24758.**

United States Court of Appeals, Ninth Circuit.

Jan. 26, 1970.

Certiorari Denied May 18, 1970. See 90 S.Ct. 1691.

---

Luther J. Avery (argued), Robert L. Dunn, of Bancroft, Avery & McAllister, San Francisco, Cal., George W. Mead, Bernard Shevach, Portland, Or., for appellant.

Jack C. Wong (argued), Charles H. Turner, Asst. U. S. Attys., Sidney I. Lezak, U. S. Atty., Portland, Or., for appellee.

Before KOELSCH, BROWNING and DUNIWAY, Circuit Judges.

## PER CURIAM.

William Simon was convicted of income tax frauds. (26 U.S.C. 7201 and 7206(1)). On this appeal he urges that his Fourth, Fifth and Sixth Amendment rights were violated because he was not given the *Miranda* warnings by the government's investigating agent. Specifically he assigns as error the admission of evidence consisting of incriminating statements made by him to Walter J. Sanders, Jr., a Special Agent of the Intelligence Division of the Internal Revenue Service, and of information gained by the Agent from an inspection of Simon's business records.

We conclude that *Miranda* is inapplicable to this case and that Simon freely consented to the asserted search.

█ This court has repeatedly rejected vigorous appeals to extend the *Miranda* rule "beyond its stated limits." Spahr v. United States, 409 F.2d 1303, 1305 (9th Cir. 1969). Absent custody in the conventional sense, we have declined to fault a government agent and reverse a conviction for failure to give a *Miranda* type warning unless the facts clearly demonstrated that the appellant was "deprived of his freedom by the authorities in any significant way."

█ The circumstances in this case hardly disclose an "in custody investigation." The initial meeting between Sanders and Simon was held in the latter's private office at one of his stores. Simon was at liberty to come and go as he pleased or to ask Sanders to leave. Nor did Simon's conduct at the meeting, or thereafter, suggest that he was, or believed that he was, under any compulsion to divulge information. Quite the contrary. Upon being told at the outset that Sanders was a criminal investigator for the Internal Revenue Service and, being affirmatively advised of his right to remain silent, Simon declared that he had "nothing to hide" and expressed a willingness to answer any questions concerning his business and tax returns.

Simon places considerable reliance upon United States v. Dickerson, 413 F.2d 1111 (7th Cir. 1969), a recent decision of the Seventh Circuit rendered by a divided panel. He says that the facts in that case are indistinguishable from those in the case at bar. However, there the Special Agent, unlike his counterpart in the case before us, did not explain his function to the appellant nor give him any warnings whatever. The failure was held to constitute conclusive proof of coercion. We decline to give the failure such weight, even if it were evident in this case. As well said by the Second Circuit in commenting upon and declining to follow *Dickerson:*

> "The fact that IRS agents sometimes give a partial warning at one or even several interviews during a protracted investigation does not mean that warnings of some kind are or should be required. Rather, proof that some warnings were given, or that none were given, merely serves as evidence bearing on the question of whether the questioning was noncoercive."

United States v. Caiello, 420 F.2d 471 (2d Cir. Dec. 31, 1969).

█ The claim of unreasonable search and seizure is similarly unsupported. Sanders could hardly be said to have gained access to Simon's records by trickery or deceit (Spahr v. United States, *supra*). Not only did he state why he wanted to see them, but he additionally accompanied his request with the statement that Simon need not comply.

The judgment is affirmed.