**UNITED STATES of America, Plaintiff,**

**v.**

**Burnham MAPP and Burline Mapp, Defendants.**

**No. 74–CR–92.**

United States District Court, E. D. Wisconsin.

Oct. 6, 1976.

William J. Mulligan, U. S. Atty. by Thomas E. Brown and Randall J. Sandfort, Asst. U. S. Attys., Milwaukee, Wis., for plaintiff.

Thomas W. St. John, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The defendants in this action are charged in a four-count indictment with criminal tax evasion for the years 1969–1972, inclusive, in violation of § 7201 of the Internal Revenue Code, 26 U.S.C. § 7201. In a decision and order of this Court dated February 4, 1976, 406 F.Supp. 817, the defendants' motion to suppress certain evidence allegedly obtained by the Government in violation of defendants' Fifth and Sixth Amendment rights was granted. The Government appealed. During the pendency of the appeal, the Supreme Court decided *Beckwith v. United States,* 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976), which effectively overruled a case relied on by this Court in its February 4, 1976, decision. The parties stipulated to a return of the case to this court for further consideration of the defendants' motion to suppress. That motion is now before the Court. For the reasons hereinafter stated, the motion is denied.

The facts are set forth extensively in the decision and order of February 4, 1976, and will be referred to only when necessary in this opinion.

*Beckwith* decided the issue of " * * * whether a special agent of the Internal Revenue Service, investigating potential criminal income tax violations, must, in an interview with a taxpayer, *not in custody,* give the warnings called for by this Court's decision in *Miranda v. Arizona* * * *." (Emphasis added.) 425 U.S. at 341, 96 S.Ct. at 1614. The Court concluded that the position adopted by the Seventh Circuit in *United States v. Dickerson,* supra, 413 F.2d 1111, that is, that the taxpayer not in custody is entitled to *Miranda* warnings, is incorrect. The Court held that *Miranda* addressed the narrow issue of " 'the admissibility of statements obtained from an individual who is subjected to *custodial* police interrogation.' " 425 U.S. at 345, 96 S.Ct. at 1615, quoting *Miranda,* 384 U.S. at 439, 86 S.Ct. at 1609 (emphasis supplied by Supreme Court). The Court concluded that:

" * * * Although the 'focus' of an investigation may indeed have been on Beckwith at the time of the interview in the sense that it was his tax liability which was under scrutiny, he hardly found himself in the custodial situation described by the *Miranda* Court as the basis for its holding. * * *" 425 U.S. at 347, 96 S.Ct. at 1616.

The Court went on to say that it was not pronouncing a hard and fast rule:

"We recognize, of course, that noncustodial interrogation might possibly in some situations, by virtue of some special circumstances, be characterized as one where 'the behavior of . . . law enforcement officials was such as to overbear petitioner's will to resist and bring about confessions not freely self-determined . . . .' * * *" 425 U.S. at 347, 96 S.Ct. at 1617.

In its decision of February 4, 1976, this Court relied on *Dickerson* and *United States v. Oliver,* 505 F.2d 301 (7th Cir. 1974). *Dickerson* required that *Miranda* warnings be given in criminal tax investigations. *Oliver* held that the particular warning given by the special agent was inadequate. Basing its conclusion on these decisions, this Court held that the investigative machinery was directed at the defendants when the defendants' file was transferred from Audit Group 1203 to Audit Group 1208. The latter has the sole function of investigating taxpayers believed to have income from illegal sources. At this point, the Internal Revenue Service ("IRS") investigation had "focused on an accused even though the case has not been formally transferred to the Intelligence Division" and the "adversary process had begun." For these reasons, this Court held that the *Miranda* warnings should have been given to the defendants on September 29, 1972, the date of the transfer to Audit Group 1208.

The supplemental briefs of the parties raise three issues: first, whether the defendants in this case fall under the "special circumstances" test of *Beckwith* ; second, if

they do not, then did the revenue agents conducting the audit violate their own internal policies guidelines by failing to give the warning special agents are required to give. Third, if the revenue agents were acting as special agents and were therefore required to give the agency's prescribed warning, did their failure to do so violate the defendants' due process rights.

■ The Court in *Beckwith* did not define what it meant by "special circumstances," but from the decision it is apparent that they did not intend it to apply to a situation such as the one before this Court. In order to require *Miranda* warnings in a noncustodial investigation, " 'the behavior of . . . law enforcement officials [must have been] such as to overbear petitioner's will to resist and bring about confessions not freely self-determined . . . .' " 425 U.S. at 348, 96 S.Ct. at 1617.

■ There is nothing in the record to indicate that the investigation conducted by the revenue agents overbore the defendants' "will to resist" or brought about "confessions not freely self-determined." Nor was there any danger that the revenue agents' investigation created "that compulsion [that] 'is inherent in custodial surroundings.' " 425 U.S. at 346, 96 S.Ct. at 1616. The investigations conducted by the revenue agents dealt with questions that would have a bearing on the net worth computation employed by the Government as a tool to secure a criminal conviction. Although these investigations establish that the defendants were the focus of a criminal investigation, they do not reach the level of "compulsion" which concerned the Court in *Miranda* and *Beckwith*.

The defendants also contend that the revenue agents violated certain agency rules. IRS press release IR–897, as amended by IR–949, requires that special agents give a *Miranda*-like warning to the taxpayer. This has allegedly been violated because it appears from the focus of their inquiries that the revenue agents were acting as special agents. The second rule requires that a revenue agent must suspend his activities and refer the investigation to the Intelligence Division when he discovers "indications of fraud." The alleged indications of fraud were the defendants' understatement of income with reasonable grounds to believe that there has been income from illegal sources, coupled with knowledge by the revenue agents, that law enforcement officers believed defendants were dealing in heroin. Finally, the defendants contend that the information fed the Information Gathering Retrieval Unit ("IGRU") by the special agent and retrieved by the revenue agents violated the agency regulation prohibiting a revenue agent from discussing a taxpayer's case with the Intelligence Division prior to the submission of the referral report.

■ In its prior decision, this Court determined that the revenue agents were, in effect, acting as special agents. Since they were acting as special agents, they were required to give the same warnings that special agents are required to give. In failing to do so, the revenue agents violated the agency rules. Having determined this to be the case, the Court need not decide if the agency's other rules were violated.

A failure by the revenue agents to follow agency rules does not require this Court to exclude the evidence obtained either by or as a result of their investigations.

Two circuits have held that an IRS agent's failure to comply with the agency's internal guidelines constitutes a violation of due process even though the internal guidelines may be more demanding than is constitutionally necessary. *United States v. Heffner*, 420 F.2d 809 (4th Cir. 1970); *United States v. Leahey*, 434 F.2d 7 (1st Cir. 1970). This result has been challenged and severely criticized in other circuits. *United States v. Luna*, 313 F.Supp. 1294 (W.D.Tex. 1970); *United States v. Fukushima*, 373 F.Supp. 212 (D.Haw.1974). The rule more in line with recent Supreme Court decisions appears to be that which admits the evidence.

The Court in *United States v. Luna*, supra, at 1295, observed that:

" * * * The cases cited in the majority's opinion in *Heffner* dealt with reversals of final agency action because the administrative procedure adopted by the agency was not followed. None dealt with the exclusion of evidence in a federal criminal trial, and hence none, including *Heffner*, weighed the possible value of consistent agency procedures with the need for evidence relevant to the truth sought in a federal criminal trial. While the need to enforce rights granted by the Constitution and laws of the United States may outweigh the interests mitigating against the exclusion of otherwise admissible evidence, the enforcement of an agency policy statement does not, regardless of how desirable that policy might be. * * * "

The *Beckwith* decision indicates that there is no constitutional right to have *Miranda* warnings in a noncustodial tax investigation absent special circumstances. A taxpayer is not deprived of his constitutional rights because an agent failed to meet a more difficult standard established by the agency than is required by *Miranda* and *Beckwith*. To exclude evidence because of the failure of the agents to comply with IRS guidelines would penalize the IRS for a laudable policy and would unduly interfere with the enforcement of the laws of the United States.

For the foregoing reasons,

IT IS ORDERED that the defendants' motion to suppress is denied.