Mr. Joseph F. Dolan Executive Director Department of Revenue State Capitol Annex 1375 Sherman Street Denver, Colorado 80261
Dear Mr. Dolan:
This correspondence acknowledges receipt of your recent request for information to assist in the creation of a tax fraud investigation section within the department of revenue.
QUESTION PRESENTED AND CONCLUSION
Specifically, you requested an opinion concerning the necessity for agents assigned to the section to administer constitutional warnings to individuals prior to conducting interviews investigating possible criminal tax evasion.
 Investigators for the department of revenue conducting a criminal tax investigation may not be constitutionally required to give Miranda-type warnings before interrogating suspects, but such warnings may avoid later claims of due process violations.
ANALYSIS
Your correspondence indicates that department of revenue agents will have no custodial powers and will not conduct custodial interrogations under normal circumstances. At the outset of the investigation, agents are to properly identify themselves and are to explain to the individual investigated that "one of (the agent's) functions is to investigate the possibility of criminal violation of the revenue laws of the State of Colorado and related offenses."
In Beckwith v. United States, 425 U.S. 341 (1976), the United States Supreme Court recently addressed the need for constitutional advisements in noncustodial tax investigations. However, due to the relatively few opportunities to judicially interpret the recent decision, a full appreciation of its impact on subsequent tax fraud investigations is not possible without an understanding of the conflicting interpretations of Mirandav. Arizona, 284 U.S. 436 (1966) that precipitated theBeckwith pronouncement. A current examination ofMiranda v. Arizona and its progeny, supports the conclusion that absent actual compulsion or coercion, Miranda-type advisements are not constitutionally required for routine criminal tax fraud investigations.
In Miranda v. Arizona, supra at 445, the United States Supreme Court addressed "the admissibility of statements obtained from a defendant while in custody or otherwise deprived of his freedom of action in any significant way." Miranda developed procedures designed to assure that an individual is accorded his privilege against self-incrimination. The court ruled that compulsion "is inherent in custodial surroundings," id. at 458, and that full admonishments of constitutional rights are required in situations involving "incommunicado interrogation of individuals in a police dominated atmosphere." Id. at 445.
For a brief period of time after Miranda, it was believed that the terms "custody" and "deprived of his freedom of action in any significant way" were incongruities in the dual civil-criminal nature of most tax investigations and thatMiranda warnings were unnecessary. However, in 1968, the United States Supreme Court explicitly rejected the position "that tax investigators are immune from the Miranda
requirements for warnings to be given a person in custody."Mathis v. United States, 391 U.S. 1, 4 (1968). The court held that Miranda does apply to custodial interrogations directed at criminal tax evasion.
Nevertheless, the Mathis holding was applied restrictively. Almost unanimously, the federal circuit courts interpreted the "custody" language of Mathis to approximate physical or conscriptive custody. UnitedStates v. Beckwith, 510 F.2d 741 (D.C. Cir. 1975).United States v. Stribling, 437 F.2d 765 (6th Cir. 1971); United States v. Jaskiewicz, 433 F.2d 418 (3rd Cir. 1970); United States v. Prudden, 424 F.2d 1021
(5th Cir. 1970); United States v. Miriani, 422 F.2d 150
(6th Cir. 1970); Simon v. United States,421 F.2d 667 (9th Cir. 1970); United States v. Caiello,420 F.2d 471 (2nd Cir. 1969); Cohen v. United States,405 F.2d 34 (8th Cir. 1968); United States v. Squeri,398 F.2d 785 (2nd Cir. 1968); Spinney v. UnitedStates, 385 F.2d 908 (1st Cir. 1967). These courts were reluctant to characterize conventional tax investigations as inherently coercive. Thus, they were unwilling to requireMiranda warnings absent a clearly custodial interrogation.
In 1969, the Seventh Circuit Court of Appeals departed from the rationale adopted by the mainstream of jurisdictions and held that Miranda warnings were required despite the absence of custody. The court stated that warnings were required at the inception of the first contact with the taxpayer after the case had been transferred to agents of the intelligence division of the Internal Revenue Service charged with conducting criminal investigations. The seventh circuit court weighed heavily the "focus" of the investigation, Escobedo v. Illinois,378 U.S. 478 (1964), and reasoned that Miranda warnings were required "without regard to the individual taxpayer's subjective state of mind." United States v. Dickerson,413 F.2d 1111 (7th Cir. 1968).
The Dickerson opinion was based in large part upon the reasoning and lucid statement of Judge Will contained inUnited States v. Turzynski, 268 F. Supp. 847, 851 (N.D. Ill. 1967):
 In some respects the tax investigation is more insidious and dishonest than the custodial interrogation, for the suspect in custody well knows his interrogators are seeking evidence to convict him of a crime while the tax suspect is permitted and even encouraged to believe that no criminal prosecution is in contemplation.
Similarly, several federal district courts outside the seventh circuit were persuaded by United States v. Turzynski,supra, including the Federal District Court in and for the State of Colorado. United States v.Wainwright, 284 F. Supp. 129 (D. Colo. 1968). Seealso United States v. Wohler, 382 F. Supp. 229 (D. Utah 1973); United States v. Kingry, 19 Am. F. Tax R.2d 762 (N.D. Fla. 1967). As a result of the conflict of federal interpretations of Miranda, the United States Supreme Court granted certiorari in United States v. Beckwith,supra, to resolve whether individuals who are not in custody but are investigated for tax fraud are in situations functionally, and therefore, legally equivalent to the situation presented in Miranda.
The Beckwith court rejected the Dickerson
reasoning that the focus of the investigation and not the taxpayer's state of mind is determinative of whetherMiranda warnings must be given. The court noted that the procedures enunciated in Miranda were necessitated by the compulsive nature of custodial interrogations and not the subject matter of the interviews. The court held that the criminal tax investigation of Beckwith did not create the custodial situation described by the Miranda court as the basis for its holding. Although the focus of the investigation may have been on Beckwith at the time of the interview, Beckwith was not in the type of custodial situation to which Miranda safeguards attach.
It is apparent that the court in Beckwith intended to eliminate the need for Miranda warnings at theinception of routine tax investigations. AlthoughMiranda warnings may be necessitated by the ensuing investigation, recent judicial interpretations ofBeckwith indicate that such warnings are required in only limited circumstances. One court has seemingly interpretedBeckwith to eliminate the need for Miranda
warnings at any time absent "actual physical custody at the time of the interrogation." United States v.Dreske, 536 F.2d 188, 195 (7th Cir. 1976). Other courts have tried to determine whether circumstances were created in which the investigating agent overbore the taxpayer's "will to resist" or brought about "confessions not freely self-determined" by searching for the existence of "compulsion," UnitedStates v. Mapp, 420 F. Supp. 461, 463 (E.D. Wisc. 1976);see also United States v. Fitzgerald, 545 F.2d 578 (7th Cir. 1976) or coercion. United States v. Venditti,533 F.2d 217, 221 (5th Cir. 1976).
The latter approach interprets Beckwith literally and is founded upon traditional due process norms. TheBeckwith court noted,
 We recognize, of course, that noncustodial investigations might possibly in some situations, by virtue of some special circumstances, be characterized as one where "the behavior of . . . law enforcement officials was such as to overbear petitioner's will to resist and bring about confessions not freely self-determined . . . ."
Id. at 347-48. The Beckwith court relied upon established pre-Miranda cases in ruling that allegations of coercion must be reviewed to determine the voluntariness of a taxpayer's statement. Davis v. NorthCarolina, 384 U.S. 737 (1966). The court implicitly reaffirmed the settled principle that the use of fraud, coercion or material misrepresentations by agents conducting tax investigations impermissibly violates standards of due process.Lewis v. United States, 385 U.S. 206 (1966);Gouled v. United States, 255 U.S. 298 (1921);United States v. Stribling, supra;United States v. Tonahill, 430 F.2d 1042 (5th Cir. 1970); United States v. Dickerson,413 F.2d 1111 (7th Cir. 1969); Spahr v. United States,409 F.2d 1303 (9th Cir. 1969); Dosek v. United States,405 F.2d 405 (8th Cir. 1968); Morgan v. United States,377 F.2d 507 (1st Cir. 1967); United States v.Sclafina, 265 F.2d 408 (2d Cir. 1959). Thus, it appears that the administration of Miranda-type warnings to individuals subjected to criminal tax investigations may prevent successful allegations of compulsion. The Beckwith
court stated,
 Proof that some kind of warnings were given would be relevant evidence only on the issue of whether the question was in fact coercive.
Id. at 348. Therefore, although the absence of Miranda-type warnings in routine tax investigations will not give rise to a per se exclusion of evidence the existence of warnings in certain situations may be beneficial to defend allegations of due process deprivation.
In your request for this opinion, you stated that department of revenue agents will be instructed to explain to suspected tax violators that they are being investigated for possible criminal violations of revenue laws of Colorado and related criminal offenses. Depending upon the nature of the department's instructions to its agents, an agent's failure to comply with the investigative guidelines may give rise to ancillary due process problems.
Two federal circuit courts of appeal have held that an Internal Revenue Service agent's failure to comply with the service's internal guidelines constitutes a violation of due process even though the internal guidelines are more demanding than is constitutionally necessary. United States v.Leahey, 434 F.2d 7 (1st Cir. 1970); United Statesv. Heffner, 420 F.2d 809 (4th Cir. 1970). In bothLeahey and Heffner, the Internal Revenue Service issued news releases informing the general taxpaying public that its agents would preface investigations with a statement that their function was to investigate the possibility of criminal tax fraud. The courts held that the character and tenor of the guidelines were such as to define the rights of taxpayers and noncompliance violated taxpayers' due process guarantees. See Service v. Dulles, 354 U.S. 363
(1957).
The Leahey and Heffner decisions have been severely criticized by courts in other jurisdictions.United States v. Fukushima, 373 F. Supp. 212 (D. Hawaii, 1974); United States v. Luna, 313 F. Supp. 1294
(W.D. Tex. 1970). In United States v. Luna,supra, the court rejected the notion that the need to enforce agency policy outweighs the interest mitigating against the exclusion of otherwise admissible evidence. In UnitedStates v. Mapp, supra at 464, the court reasoned,
 A taxpayer is not deprived of his constitutional rights because an agent failed to meet a more difficult standard established by the agency than is required by Miranda and Beckwith. To exclude evidence because of the failure of the agent to comply with IRS guidelines would penalize the IRS for a laudable policy and would unduly interfere with the enforcement of the laws of the United States.
Although a conflict remains, the Mapp opinion appears to be better reasoned and more consistent with the due process protections enunciated in Beckwith.
In United States v. Lockyer, 448 F.2d 417 (10th Cir. 1971), the Tenth Circuit Court of Appeals distinguishedLeahey and Heffner. The court held that due process was not violated where a revenue agent failed to comply with unpublished regulations aimed at the internal administration of tax investigations which did not purport to protect taxpayers' interests and rights. The intent of the guidelines and the mode of their dissemination was scrutinized. Thus, it appears that instructions which do not purport to define taxpayers' rights should not give rise to successful allegations of due process deprivation.
Caution should be exercised by the department of revenue in establishing procedures to assure that revenue agents state properly their duties and the purpose of their investigations. It is suggested that agents be provided with printed cards to aid them in accomplishing this objective.
SUMMARY
Investigators for the department of revenue conducting a criminal tax investigation may not be constitutionally required to giveMiranda-type warnings before interrogating suspects, but such warnings may avoid later claims of due process violations.
Very truly yours,
 J.D. MacFARLANE Attorney General
TAXATION AND REVENUE ADMINISTRATIVE PROCEDURE INVESTIGATIONS DUE PROCESS
REVENUE, DEPT. OF Administrative Div.
Investigators for the department of revenue conducting a criminal tax investigation may not be constitutionally required to giveMiranda-type warnings before interrogating suspects, but such warnings may avoid later claims of due process violations.