UNITED STATES of America, Plaintiff,

v.

Richard W. MOC, Defendant.

No. 77–CR–32.

United States District Court,
E. D. Wisconsin.

May 24, 1977.

Willaim J. Mulligan, U. S. Atty. by Joseph P. Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

James L. Stocking, Harry F. Peck and Ralph Adam Fine, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant in this action is charged in an eight-count indictment with violations of the federal income tax laws. Counts 1 through 4 charge that the defendant filed false and fraudulent income tax returns for the calendar years 1970 through 1973, in violation of 26 U.S.C. § 7201. Counts 5 through 8 charge that Mr. Moc assisted in the preparation of false corporate tax returns for the N. L. Kuehn Company for the calendar years 1970 through 1973, in violation of 26 U.S.C. § 7206(2).

The defendant has filed motions to suppress any written and oral confessions made by him as well as testimony relating thereto, to produce the names of the government's witnesses, for production of grand jury minutes, for discovery and inspection, and for leave to file additional motions. The motions relating to witnesses, grand jury minutes, leave to file additional motions, and discovery and inspection will be dismissed. The suppression motion will be denied.

## I. MOTION TO SUPPRESS

At my direction, the parties filed a statement of undisputed facts for the purposes of this motion. The statement also includes certain matters disputed by the government.

The undisputed facts reveal that Mr. Moc made a number of statements and supplied certain documents to internal revenue service personnel on several occasions during 1974 and 1975. Mr. Moc's encounters with the internal revenue service related both to his personal income tax situation and to that of the N. L. Kuehn Company in which he holds the position of controller. These inquiries culminated in a July 28, 1975, meeting between Mr. Moc, special agent Ubbelohde, and revenue agent Jordan. At that meeting, the defendant was read a statement concerning his rights. He had not been informed of any rights at the time of any previous discussion with internal revenue service personnel. At the July 28, 1975, meeting, the defendant was asked and answered a number of questions, and pursuant to such discussion he executed an affidavit on March 19, 1976.

Mr. Moc seeks to suppress this affidavit and any oral "confessions or admissions" he may have made to internal revenue service personnel. He claims that such incriminating statements were obtained without prior warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), in violation of his fifth amendment rights and that the statements were not freely and voluntarily made.

■ Based on the recent decisions in *Beckwith v. United States*, 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976), and *United States v. Fitzgerald*, 545 F.2d 578 (7th Cir. 1976), I find that the defendant's contentions must be rejected. *Beckwith* held that a special agent of the internal revenue service, conducting a noncustodial interview of a taxpayer pursuant to an investigation of possible criminal income tax violations, is not constitutionally obligated to give the taxpayer *Miranda* warnings. Although Mr. Moc was questioned on several occasions, I find that he was not in custody on any of these occasions, and the agents involved were therefore not obligated to give him warnings prior to questioning.

Mr. Moc urges that although "full Miranda warnings" are not required, the agents

were constitutionally obligated prior to the occasion of each questioning to give the modified warnings of which he was informed at the July 28, 1975, meeting. As authority for this proposition, he points to the fact that the defendants in *Beckwith* and *Fitzgerald* were given such prior warnings. The defendant's position is not well taken. *Fitzgerald* and *Beckwith* do not hold that the warnings given to those defendants were constitutionally mandated.

■ I am also unpersuaded by the defendant's contention that certain of his statements must be suppressed because they were made to civil investigators for the internal revenue service who did not provide him the warnings which criminal investigators must administer pursuant to IRS rules. I agree with Judge Reynolds' determination that a "failure by the revenue agents to follow agency rules does not require this Court to exclude the evidence obtained either by or as a result of their investigations." *United States v. Mapp*, 420 F.Supp. 461, 463 (E.D. Wis. 1976), notice of appeal filed, No. 76–2196 (7th Cir. November 23, 1976). Although Mr. Moc cites cases from other circuits holding to the contrary, I believe, for the reasons advanced at pages 463 and 464 of the *Mapp* decision, that such holdings should not be followed here.

■ Finally, the defendant argues that he was under extreme psychological pressure as a result of the internal revenue service investigation and that the effects of such pressure, combined with the fact that the July 28, 1975, meeting took place in the IRS offices, rendered his statements at that meeting coerced and involuntary. He points to paragraph 24 of the agreed statement of facts as indicating his state of mind during 1974 and 1975. The government does not concur in portions of this paragraph. Even accepting the paragraph as established for purposes of this motion, I do not believe that the defendant was subject to coercive tactics by the IRS that should result in the suppression of a confession on the ground of involuntariness.

Unlike *Rogers v. Richmond*, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961), cited in *Beckwith*, Mr. Moc was not placed in custody and purposely misinformed so as to induce a confession. He was not forced to meet at the IRS offices, but rather chose to do so when the agent offered to meet there, at the N. L. Kuehn Company offices, or at Mr. Moc's home. Mr. Moc has cited no authority which leads me to conclude that his concern over the continuing IRS inquiry during 1974 and 1975 rendered his written confession coerced and involuntary. It does not appear from the record before me that the IRS engaged in constitutionally impermissible tactics with a view to extracting a confession from him.

For these reasons, the defendant's motion to suppress will be denied.

## II. PRODUCTION OF WITNESSES AND GRAND JURY MINUTES; DISCOVERY DEMANDS

The defendant has requested a list of the names, addresses, and telephone numbers of the government's witnesses. He has also moved for the production of the grand jury minutes relating to this action, and he has made certain discovery demands, pursuant to Rules 16(a)(1)(A) and (C), Federal Rules of Criminal Procedure. The government has responded that it will make available a list of its witnesses, that it will provide 24 hours before trial the grand jury testimony of witnesses to be called at trial, and that it adheres to its open file policy in this action. The defendant's reply brief does not suggest that the government's responses are unsatisfactory in any respect. I accordingly find it unnecessary to rule on the defendant's applications, and they will be dismissed.

## III. LEAVE TO FILE ADDITIONAL MOTIONS

The defendant seeks additional time to file further unspecified motions, stating that "it is impossible to address a particular problem until one is aware of the problem." The motion is not specific and is probably unnecessary. This motion of the defendant will be dismissed.

Therefore, IT IS ORDERED that the defendant's motion to suppress written or oral confessions or testimony relating thereto be and hereby is denied.

IT IS ALSO ORDERED that the defendant's motion for the production of a list of the government's trial witnesses be and hereby is dismissed.

IT IS FURTHER ORDERED that the defendant's motion for production of grand jury minutes be and hereby is dismissed.

IT IS FURTHER ORDERED that the defendant's requests for discovery and inspection be and hereby are dismissed.

IT IS FURTHER ORDERED that the defendant's motion for additional time to file motions be and hereby is dismissed.