UNITED STATES of America, Plaintiff,

v.

Douglas Mark STONE, Pearl Marie Stone, Robert Douglas Stone, Michael Noel Stone, Joseph Garry Stone, Douglas James Stone, Clifford Clair Benjamin, Jr. and Marie Annette Benjamin (nee Stone), Defendants.

No. 77–Cr–192.

United States District Court, E. D. Wisconsin.

Feb. 3, 1978.

William J. Mulligan, U. S. Atty. by Stephen E. Kravit, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Frisch, Dudek & Slattery by Dennis M. Grzezinski, Milwaukee, Wis., for Robt. Stone.

James A. Ward, Waukesha, Wis., for all other defendants.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant Robert Douglas Stone has filed a motion to dismiss counts 1 and 2 of the indictment as to him and a request for a trial to the court accompanied by a waiver of trial by jury. He also has made various discovery demands. The other seven defendants have filed motions to sever offenses and defendants. All of the defendants' motions will be denied or dismissed.

### I. ROBERT DOUGLAS STONE'S MOTION TO DISMISS

Robert Douglas Stone is charged in counts 1 and 2 of the 32 count indictment in this case. Count 1 generally charges a conspiracy by all of the defendants to commit mail fraud and to use and transport in interstate commerce fraudulently obtained credit cards. Count 2 charges the defendants with devising and intending to devise a scheme to defraud several companies which issued credit cards to the defendants.

In his motion, Robert Douglas Stone seeks an order dismissing counts 1 and 2 on the ground that they are barred by the

applicable statute of limitations. Specifically, he seeks a pretrial determination, pursuant to Rule 12(b)(1), Federal Rules of Criminal Procedure, that he withdrew from the conspiracy and scheme to defraud prior to December 14, 1972. The parties agree that the applicable statute of limitations for counts 1 and 2 is 18 U.S.C. § 3282, which provides for a five year limitations period following commission of the offense. Since the indictment was returned on December 14, 1977, the defendant can only be prosecuted for an offense alleged to have been committed on or after December 14, 1972.

Robert Douglas Stone has filed an affidavit with his motion in which he states that since 1966 he has had limited contact with the other defendants who are members of his family; that in 1970, after the postal authorities became aware of this matter, he took all of the credit cards in his possession to his attorney with instructions to return the cards to the appropriate companies; that he informed at least one of the other defendants that he had turned in the cards; that he believes that the other defendants learned that he had turned in the cards; that since the cards were turned in, he has not had any contacts with the other defendants in connection with any mail fraud or credit card fraud activities; that any such activities by the other defendants were without his knowledge, consent or participation, and that any such activities by Robert Douglas Stone were undertaken without the knowledge, consent or participation of the other defendants.

Robert Douglas Stone argues that the uncontradicted statements in his affidavit demonstrate that he withdrew from the alleged scheme and conspiracy prior to December 14, 1972, thereby precluding his prosecution for those alleged offenses.

 In my opinion, the affirmative defense of withdrawal from the alleged scheme and conspiracy is not one which is capable of determination without a trial of the general issue in this case, and thus it would be inappropriate to purport to resolve such defense at this time.

Paragraph 18 of count 1 of the indictment charges that on May 16, 1973, Robert Douglas Stone committed an overt act in support of the conspiracy by mailing a credit card application which misrepresented certain information. Paragraph 2.D. of count 2 of the indictment charges that as part of the alleged scheme to defraud, the defendants, including Robert Douglas Stone, furnished false and fictitious information on credit card applications to induce the issuance of credit cards.

 The act which Robert Douglas Stone is alleged to have committed on May 16, 1973, is well within the limitations period. If the government succeeds in proving that the act was in furtherance of the conspiracy or was a part of the scheme to defraud, the affirmative defense of withdrawal will have been defeated since "the abandonment must be complete and in good faith." *United States v. Nowak*, 448 F.2d 134, 139 (7th Cir. 1971). It is thus apparent that the withdrawal defense is closely intertwined with the general issue for trial, i. e. whether the defendants, including Robert Douglas Stone, engaged in a conspiracy or scheme to defraud which continued after December 14, 1972. Accordingly, I am unable to make the requested pretrial determination and must deny the defendant Robert Douglas Stone's motion to dismiss. See *United States v. Andreas*, 374 F.Supp. 402 (D.Minn. 1974); *United States v. Tolub*, 187 F.Supp. 705 (S.D.N.Y.1960).

## II. ROBERT DOUGLAS STONE'S REQUEST FOR TRIAL BY THE COURT

Robert Douglas Stone has filed a waiver of trial by jury and has requested that his guilt or innocence be determined by the court. The government opposes the request, relying on Rule 23(a), Federal Rules of Civil Procedure, and *Singer v. United States*, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). In reply, Robert Douglas Stone does not dispute that, as a general rule, a criminal defendant has no constitutional entitlement to a trial to the court since the Sixth Amendment only guarantees a trial by an impartial jury. However, he argues

that *Singer* left open the question "whether there might be some exceptional circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial." 380 U.S. at 37, 85 S.Ct. at 791.

In *United States v. Kramer*, 355 F.2d 891 (7th Cir. 1966), cert. granted in part and denied in part, 384 U.S. 100, 86 S.Ct. 1366, 16 L.Ed.2d 396 (1966), the court stated that the defendant's reasons for requesting a court trial "might render impartial trial by jury unlikely or impossible, thereby furnishing a compelling reason for rejecting the government's insistence on its right to consent to the waiver . . . ." *Id.* at 899. The court found no such circumstances in *Kramer* where a defendant charged with a Hobbs Act violation, 18 U.S.C. § 1951, sought a trial to the court because of the potential adverse effect which disclosure of a prior murder conviction might have had on the jury if he elected to take the stand.

Robert Douglas Stone advances several factors which he believes render it unlikely or impossible that he can receive an impartial jury trial. First, the 32 count indictment is complex and is primarily directed to overt acts and substantive offenses allegedly committed by the other defendants. Robert Douglas Stone is charged only in counts 1 and 2 of the indictment. It is argued that Robert Douglas Stone will be prejudiced because of the substantial number of charges against his alleged co-conspirators.

Second, five of the defendants have the same family name, and two of the five, Douglas Mark Stone and Douglas James Stone, have similar first names. Robert Douglas Stone contends that the similarity in names will result in jury confusion because it will be difficult for the jury to distinguish his name with respect to the evidence.

Third, Robert Douglas Stone asserts that the government's investigative file contains evidence which purports to show that he committed certain substantive mail fraud offenses after the alleged act of May 13, 1973, which were not charged in the indictment but may be introduced by the government to prove the conspiracy and mail fraud scheme counts against him. It is urged that the jury may be reluctant to acquit him since his defense is a technical one, i. e. that the alleged acts subsequent to December 14, 1972, were not related to the conspiracy or mail fraud scheme charged in the indictment.

██ I am not convinced that the exceptional circumstances adverted to in *Singer* are present in this case. The danger of jury confusion because of the similarity of the defendants' names can be lessened through argument by counsel and proper instructions by the court. It is presumed that a properly instructed jury will confine itself to the evidence relating to each defendant. *Opper v. United States*, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954); *United States v. Papia*, 399 F.Supp. 1381, 1386 (E.D.Wis.1975).

Similarly, I believe that counsel's argument and the court's instructions can alleviate the claimed prejudice which might result from the many charges against Robert Douglas Stone's co-conspirators. If anything, his comparatively sparse involvement should make the task of separating the evidence against him less difficult. I also believe that arguments of counsel and instructions from the court can reduce the possibility of jury error in its appraisal of Robert Douglas Stone's defense that certain alleged acts were not part of the conspiracy or scheme alleged in the indictment.

In summary, I am unable to find that Robert Douglas Stone cannot receive an impartial jury trial under the circumstances of this case. In view of the government's refusal to consent to the waiver of jury trial, I decline the request for a trial to the court.

### III. ROBERT DOUGLAS STONE'S DISCOVERY DEMANDS

A demand has been made pursuant to Rule 16, Federal Rules of Criminal Proce-

dure, seeking disclosure of the records of any statement made by Robert Douglas Stone which may be in the possession of the government. A request for exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), has also been made.

The government has responded by stating that it intends to comply fully with its "open file" policy by making its entire file available for inspection by the defendants, by continuing to solicit information from its investigative agency to satisfy the defendant's more specific requests, and by disclosing any evidence to the defendants obtained in the future.

Robert Douglas Stone's reply brief does not suggest that the government's response is unsatisfactory. I therefore find it unnecessary to rule on the discovery requests, and they will therefore be dismissed. *United States v. Moc*, 432 F.Supp. 932, 934 (E.D. Wis.1977).

## IV. MOTIONS TO SEVER OFFENSES AND DEFENDANTS

All defendants except for Robert Douglas Stone have moved for severance of offenses and defendants pursuant to Rule 14, Federal Rules of Criminal Procedure.

■ The moving defendants argue that joinder of the above offenses is improper because the offenses are of a different character, they are based on different sets of facts, and there is no allegation that the three categories of allegations involve a common scheme or plan. From the terminology used, it appears that the defendants are relying on Rule 8(a), Federal Rules of Criminal Procedure, in support of their misjoinder of offenses argument. It is well established, however, that Rule 8(a) has no application in a multi-defendant case and that Rule 8(b) states the test for joinder. 1 Wright, Federal Practice and Procedure, Criminal: § 143. The question under Rule 8(b) is whether the defendants are alleged to have participated in the same act or transaction or the same series of acts or transactions constituting an offense or offenses.

The indictment contains three general categories of charges. Count 1 charges a conspiracy to commit mail fraud, in violation of 15 U.S.C. § 1644(a) and (b). It is charged that the defendants submitted credit card applications containing false and fictitious information through the mails, used post office boxes as collection points for correspondence from credit card-issuing companies, received through the mails credit cards issued on the basis of false and fictitious information, used the fraudulently obtained credit cards to obtain various things of value, and undertook various acts to avoid detection.

Counts 2 through 19 charge that the defendants intended to devise and devised a scheme to defraud various credit card-issuing companies in violation of 18 U.S.C. §§ 1341 and 2.

Counts 20 through 32 contain various charges of use and transportation in interstate commerce of fraudulently obtained credit cards, in violation of 15 U.S.C. § 1644 and 18 U.S.C. § 2.

As to the contention of misjoinder, paragraph 3 of count 1 incorporates counts 2 through 32 by reference into count 1 as overt acts in furtherance of the alleged conspiracy. It is stated in 1 Wright, Federal Practice and Procedure, Criminal: § 144, p. 322, that

". . . joinder is permitted of a conspiracy count and substantive counts arising out of the conspiracy, since the claim of conspiracy provides a common link, and demonstrates the existence of a common scheme or plan." Accord, *United States v. Wright*, 309 F.2d 735, 759 (7th Cir. 1962), cert. denied 372 U.S. 929, 83 S.Ct. 873, 9 L.Ed.2d 733 (1963); *United States v. Isaacs*, 347 F.Supp. 743, 761 (N.D.Ill.1972).

■ Since the alleged scheme to defraud the card-issuing companies and the use and interstate transportation of the fraudulently obtained credit cards are alleged to be part of the conspiracy, I reject the argument that the offenses have been misjoined.

The defendants also argue that severance should be granted pursuant to Rule 14, Federal Rules of Criminal Procedure, because they will be prejudiced if the counts are tried together. It is urged that prejudice will result from the cumulative effect of all the testimony and that the evidence could be segregated into separate trials without a substantial burden. The government responds with the argument that severing the counts would require it to prove the same conduct repeatedly.

The goal of efficient criminal adjudication must be balanced against the defendants' right to a fundamentally fair trial. *United States v. Gill*, 490 F.2d 233 (7th Cir. 1973). As noted above with respect to the defendant Robert Douglas Stone's motions, it is presumed that a properly instructed jury will not improperly use the evidence of one crime in deciding whether a defendant is guilty of another. I am not convinced that the court's instructions will be insufficient to protect the defendants from the possibility of prejudice due to the cumulative effect of the testimony. Therefore, the motion for severance of counts will be denied. *United States v. Kopel*, 552 F.2d 1265 (7th Cir. 1977); *United States v. Pacente*, 503 F.2d 543, 548 (7th Cir. 1974).

In support of the motion for severance of defendants, the defendants argue that (1) joinder is improper under Rule 8(b) because the defendants allegedly did not participate in the same act or transaction; (2) prejudice will occur if the moving defendants are tried with Robert Douglas Stone; and (3) prejudice may also occur because the defendants will be unable to call each other as exculpatory witnesses.

The contention that there has been a misjoinder of defendants is without merit. Rule 8(b), Federal Rules of Criminal Procedure, provides that "two or more defendants may be charged in the same indictment if they are alleged to have participated in the same . . . series of acts or transactions constituting an offense or offenses." The indictment charges that all of the defendants participated in a series of acts constituting a conspiracy in violation of 18 U.S.C. § 371. The series of acts alleged include counts 2 through 32, which have been incorporated by reference into count 1, as noted above. I find no impropriety in the joinder of defendants in this action.

The court of appeals for this circuit recently outlined the test for determining whether a motion to sever defendants should be granted:

"To be entitled to a severance a defendant must show that he will be unable to obtain a fair trial without severance, not merely that a separate trial would offer him a better chance for acquittal. Moreover, in considering a motion for severance, the trial judge should give due deference to the strong public interest in having persons jointly indicted tried together, particularly where, as here, a conspiracy is charged and may be proved by evidence that arises out of the same act or series of acts. Other less drastic alternatives to severance of defendants should be explored first. Ultimately, the question is whether, under the circumstances of the particular case, a properly instructed jury can follow the court's limiting instructions and assess each defendant's guilt or innocence solely on the basis of the evidence admissible against him." *United States v. Papia*, 560 F.2d 827 (7 Cir., 1977) (citations omitted).

The defendants argue that "[p]rejudice could occur by trying Robert Douglas Stone with the other defendants, due to his statements and affidavits previously made." The defendants do not specify which statements they are referring to or the manner in which such statements will prejudice them. It is not clear from the face of Robert Douglas Stone's affidavit which of his statements might prejudice the other defendants. The defendants may be referring to the statement of Robert Douglas Stone that since he turned in his credit cards he has had "no contacts relating to the fraudulent use of credit cards or mail fraud with any of the other defendants in this action."

The statement in the affidavit was made in support of Robert Stone's motion for a pretrial determination that prosecution of the offenses charged against Robert Douglas Stone is barred by the statute of limitations. It is not apparent to me that Robert Douglas Stone has thereby admitted the existence of the alleged conspiracy or scheme to defraud, but only that if such conspiracy or scheme existed, he had withdrawn from the conspiracy prior to December 14, 1972. The defendants have not satisfactorily explained how their defenses are mutually exclusive or in conflict; and therefore I am unconvinced that the affirmative defense of Robert Douglas Stone will prejudice the other defendants. *United States v. Harris*, 542 F.2d 1283 (7th Cir. 1976), cert. denied, *Clay v. United States*, 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed. 779 (1977).

 With regard to the claim that prejudice might arise because a joint trial will prevent the defendants from calling each other as witnesses, the government is correct in noting that the defendants have failed to make the required showing that the co-defendants possess exculpatory information and that they would be willing to testify. *United States v. Isaacs*, 493 F.2d 1124 (7th Cir.), cert. denied 417 U.S. 976, 94 S.Ct. 3183, 41 L.Ed.2d 1146 (1974).

Under all of the circumstances, I do not believe that the reasons advanced by the defendants outweigh the public policy in favor of a joint trial of the defendants. Duplication of effort will be avoided by a joint trial since the same evidence pertinent to the substantive counts of the indictment will also be used in the government's attempt to prove the conspiracy count. The possible prejudice to the defendants can be avoided through proper jury instructions and counsel's arguments. For all of the above reasons, the motion for severance of defendants will be denied.

Therefore, IT IS ORDERED that the motion of Robert Douglas Stone to dismiss counts 1 and 2 of the indictment be and hereby is denied.

IT IS ALSO ORDERED that the motion of Robert Douglas Stone for a trial to the court be and hereby is denied.

IT IS FURTHER ORDERED that Robert Douglas Stone's discovery demand and demand for exculpatory evidence be and hereby are dismissed.

IT IS FURTHER ORDERED that the motion of the defendants, except for Robert Douglas Stone, for severance of counts and of defendants be and hereby is denied.