# STATE OF NORTH DAKOTA, Respondent, v. DAVID J. PLEASON, Appellant.

### (218 N. W. 154.)

**Criminal law — tolling statute of limitations in criminal action.**

> The provision that "no time during which the defendant is not an inhabitant of, or usually.resident within this state" is part of the period for prosecution in criminal cases, found in § 10,523 of the Compiled Laws of 1913 as amended by chapter 124 .of the Session Laws of 1925, is applicable to a crime committed prior to the going into effect of the amendment where the period of limitation giving a right to acquittal specified in § 10,522 had not been completed prior to the going into effect of this amendment.

Opinion filed February 24, 1928.

Criminal Law, 16 C. J. § 340 p. 222 n. 53.

Appeal from the District Court of Cass County, *Coffey,* J.
Affirmed.

*G. H. Rustad* and *Allen W. Wood,* for appellant.

The courts are not at liberty to thus construe, out of a statute as meaningless, provisions which appear perfectly plain. The general rule of interpretation is given in 6 Current Law, 1538, as follows: "In order that the true meaning of the legislature may be determined and carried out, every word, phrase, term and provision of an act must be considered, and none should be considered as unmeaning if a construction can be found which will give it effect." State v. Clemens, 40 Mont. 567, 107 Pac. 896.

"An indictment or information found after the expiration of the time for beginning the prosecution is barred by the statute of limita-

tions and is not saved by the fact that the prosecution was withheld on account of an agreement with the accused. Com. v. Werner, 5 Pa. Super. Ct. 249, 41 W. N. C. 48; 16 C. J. 231, or by the fact that the accused procured a continuance of the hearing from time to time until the year had expired." People v. Ayhens, 85 Cal. 86, 24 Pac. 635.

*J. C. Pollock,* State's Attorney, and *J. W. Pollock,* Assistant State's Attorney, for respondent.

When there are preliminary proceedings, the prosecution is commenced at the time the complaint is laid before a magistrate and a warrant of arrest is issued. 8 R. C. L. 133, § 111; State v. White, 76 Kan. 654, 92 Pac. 829; 14 L.R.A.(N.S.) 556; note, 1 Ann. Cas. 319.

"Where the statute simply provides that the prosecution must be commenced within a specified period, a complaint and warrant of arrest issued thereon and executed without unnecessary delay will constitute a commencement of the prosecution." 16 C. J. 320, § 355.

"A preliminary examination is not a trial, but the commencement of a criminal prosecution. . . . The object of the examination is to secure the appearance of the defendant before the district court for further investigation." State v. Wisnewski, 13 N. D. 648.

A statute extending the time for the prosecution of certain crimes, although it may not affect cases in which the period of limitations has expired, extends those limitations which have not expired at the date of its passage. 16 C. J. 222, § 340.

"Where the facts relating to the commencement of a prosecution are controverted, the question is for the jury." 16 C. J. 231.

"One who has been admitted to bail after a preliminary examination on a criminal charge, and who becomes a fugitive, is not, after his return or apprehension, entitled to be discharged because no information was filed against him at the term at which he was recognized to appear, and while he was a fugitive." State v. Leidigh (Neb.) 73 N. W. 545.

BURR, J. On May 16, 1925, a complaint was filed in justice court charging the defendant with engaging in the liquor traffic on September 9, 1924, by knowingly, wilfully and unlawfully importing into the state and possessing 1,600 gallons of alcohol contrary to the statutes

in such cases made and provided, etc. Defendant was brought into court on October 7, 1925, and furnished bail in the sum of $2,500. Nothing further appears to have been done until the 20th day of December, 1926, when the defendant waived examination and was held to answer to the district court. The record says:

"The defendant already having furnished a bail bond in the sum of $2,500 and same having been approved by me is ordered discharged thereunder."

On February 18, 1927, the state's attorney filed an information against the defendant in the district court charging the defendant with engaging in the liquor traffic on or about September 9, 1924. The defendant demurred to this information, principally on the ground "that the information was not filed in the district court of Cass county, North Dakota within two years after the commission of the offense alleged in said information, etc." This demurrer was sustained and thereupon the state filed an amended information for the same offense, charging in addition "that at all the times herein mentioned and since the commission of the crime herein set forth the said defendant was not an inhabitant of or usually resident within the state of North Dakota;" and the defendant demurred to this information on the same ground. This demurrer was overruled, the case was tried to a jury, the defendant convicted and judgment and sentence passed upon him. From this judgment of conviction the defendant appeals.

In his brief the defendant says:

"It is an admitted fact that the defendant was not a resident of the state of North Dakota at the time of the alleged crime but that he had resided in the state of Minnesota, and that he continued his residence in the state of Minnesota after the filing of the bond, as herein before stated." Further, in his brief defendant says:

"There is only one question involved in this appeal, and that is whether or not § 10,523 of the Statutes of North Dakota are (is) applicable to a nonresident defendant, who, after his arrest appears within the jurisdiction of the court, and files an approved bond for his appearance. In other words, does the statute apply in a case where a nonresident defendant files a bond for his appearance." All specifications of error center on this proposition. In this latter admission the defendant attempts to limit the law of the case to § 10,523 of the Code,

ignoring the amendment as set forth in chapter 124 of the Session Laws of 1925, but later he argues against the application of the provision of this chapter 124 of the Session Laws of 1925.

The undisputed facts show that the defendant was present in the state of North Dakota when the crime was committed, therefore, § 10,523 of the Code, standing alone, does not apply to this case, as this crime was committed while the defendant was in the state. See State v. Clemens, 40 Mont. 567, 107 Pac. 896, though People v. Montejo, 18 Cal. 38, holds expressly to the contrary. Section 10,522 requires an information to be filed within two years after the commission of a misdemeanor, therefore the information was not filed within the time prescribed by statute, unless the amendment to § 10,523 of the Code applies to the case at bar. Chapter 124 of the Session Laws of 1925 says:

". . . if the defendant is in the state when the crime is committed and subsequently leaves the state, the information may be filed, or the indictment found, within the time herein limited, after his coming within the state, and no time during which the defendant is not an inhabitant of, or usually resident within this state, is part of the limitation."

This law became operative July 1, 1925, and the defendant says it does not apply to crimes committed prior to that date otherwise it would be an ex post facto law and that this law cannot be given a retroactive effect. True, our constitution prohibits ex post facto laws (Const. § 16); but this law is not an ex post facto law. The classic decision regarding ex post facto laws is Calder v. Bull, 3 Dall. 386, 1 L. ed. 648, where Justice Chase defines such a law as:

"1. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2. Every law that aggravates a crime, or makes it greater than it was, when committed. 3. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender."

It is clear this amendment does not come within any of the classes included in the definition and of late years some doubts have been

expressed as to whether every law which may come within the fourth class—the one dealing with evidence—is really an ex post facto law. See 6 R. C. L. 297.

It is claimed by the defendant the law cannot be given a retroactive effect. In principle there is no difference between a retroactive law and a retrospective law. In Sturges v. Carter, 114 U. S. 511, 518, 29 L. ed. 240, 243, 5 Sup. Ct. Rep. 1014, the Supreme Court of the United States adopts and approves the definition of a retroactive or retrospective law as one "which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past . . . ;" but shows that this does not apply where a new statute provides new methods for reaching property which had already escaped taxation in years past and such law is not to be considered retrospective. There is no new duty imposed, there is no vested right taken away, prosecution was not barred, there is no new disability attached. It cannot be successfully contended a criminal has a vested right to any special period of limitation. It requires considerable enthusiasm in defense to argue there is any contractual relation between a criminal and the state regarding when he should be prosecuted if he undertakes to commit a crime and that the state is bound by the same sporting chance that he takes. To apply this law to former offences does not make it a retroactive law.

Strictly speaking, this amendment is not an extension of the statute of limitations. It prescribes a method for computing the two years and the period that the defendant is absent from the state is not included. When this amendment became law prosecution was not barred in this case. The cases cited by counsel are not exactly in point. Moore v. State, 43 N. J. L. 203, 39 Am. Rep. 558, was a case where the legislature extended the time for the prosecution of certain crimes from two years to five years and it was held the statute did not apply to crimes committed more than two years and less than five years prior to the adoption of the statute. The case of Com. v. Duffy, 96 Pa. 506, 42 Am. Rep. 554, was a case where the statute of limitation on such forgeries as were misdemeanors was extended from two years to five years and it was held that where the misdemeanor was committed less than two years before the passage of the act the de-

fendant could be prosecuted within the five-year period. There the court proceeds to show that the statute of limitations is purely an act of grace on the part of the legislature; and that while two years was specified by the legislature as the .period of limitation nevertheless "the state makes no contract with criminals, at the time of the passage of an act of limitations, that they shall have immunity from punishment if not prosecuted within the statutory period. Such enactments are measures of public policy only. They are entirely subject to the mere will of the legislative power and may be changed or repealed altogether as that power may see fit to declare." If the period had expired so that the prosecution was barred it would have been an entirely different affair. However, in this case that is not the precise point. Chapter 124 of the Session Laws of 1925 makes the method of computation applicable to cases where the defendant is in the state when the crime is committed, and subsequently leaves the state, and it is a mere matter of remedy. The facts brought out in the case are exactly the same as they were before the amendment and have the same effect, the rules of evidence, method of prosecution and the penalty are not changed. The law is a declaration on the part of the legislature that the state will modify this "act of grace" in this respect that under such conditions, though the period of limitation is still two years, the state will not count the time of absence from the state in computing the two years. As said in Com. v. Duffy, supra.

"When a right to acquittal has not been absolutely acquired by the completion of the period of limitation, that period is subject to enlargement or repeal without being obnoxious to the constitutional prohibition against ex post facto laws."

The defendant says such statute is not applicable to cases where the defendant gives bail for his appearance, and the bail is in force and effect during the time involved, for by giving bail he is within the jurisdiction of the court. It is true the state might have called the case and forfeited the bail for nonappearance. It did not choose to do so and it was not required to do so. It was the duty of the defendant to be present in court in accordance with his contract of bail. We need not concern ourselves with any doctrine of "constructive presence." We are not dealing with "constructive presence" in court. Chapter 124 of the Session Laws of 1925 has no proviso excluding from its opera-

tions such defendants as have furnished bail. The statute is broad in its application. It includes all defendants committing crime within the state and who subsequently leave the state so as not to be an inhabitant thereof or usually resident therein, whether they give bail or not. They need not be residents of the state when they commit the crime and subsequently have left the state. It is applicable to all defendants who were in the state when they committed the crime— whether residents or nonresidents—and is not limited in terms or in spirit to crimes occurring subsequent to its passage, nor is the computation of the period within which an information must be filed affected by the question of bail for it is immaterial whether bail be given or withheld. Had he been an inhabitant of the state the information must needs have been filed within two years, without reference to whether he gave bail or not. Were he a nonresident of the state the information need not be filed within the two years, whether he gave bail or not, whether he be arrested or not. Thus the giving of bail does not affect the computation. The statute applies to the case at bar, hence the information was filed within the required period.

This being the only issue presented to the court the judgment is affirmed.

NUESSLE, Ch. J., and BURKE, BIRDZELL, and CHRISTIANSON. JJ., concur.