**UNITED STATES**

v.

**QUINN et al.**

**Cr. No. 43081.**

United States District Court
E. D. New York.

Nov. 17, 1953.

Corcoran & Kostelanetz, New York City, by Boris Kostelanetz, Millard & Greene, New York City, by Myron Greene, New York City, and Henry G. Singer, Brooklyn, for defendants, for the motion.

F. Kirk Maddrix & Victor Woerheide, Sp. Assts. to Atty. Gen., for the United States, in opposition.

RAYFIEL, District Judge.

On April 9, 1953, I denied a motion by the defendants to dismiss an eight-count indictment charging the defendant T. Vincent Quinn with violating section 281 of Title 18, U.S.C., and his codefendants, Martin Schwaeber and James D. Saver, with aiding and abetting him in such violation. The grounds urged on said motion were: (1) that the indictment does not state facts sufficient to constitute an offense against the United States, and (2) that the statute on which the indictment is based is vague and ambiguous, and hence unenforceable.

Thereafter the defendant Quinn sought and obtained leave to re-argue the motion, urging, inter alia, that the indictment is defective since it contains neither a specific averment of criminal intent nor words charging or signifying scienter. The remaining points raised by the defendant on the re-argument were repetitious or in amplification of those advanced on the original motion, all of which, counsel's apparent doubt notwithstanding, were carefully weighed and considered in the determination of the original motion. Those not specifically referred to in the decision were deemed to be lacking in merit. It then was and still is the Court's opinion that the statute involved is not vague and indefinite, as claimed by the defendant, and that the indictment sets forth with more than adequate particularity and clarity the "matters" pending in the Government agencies and departments in which the defendant Quinn is alleged to have appeared for compensation. Further, the averments set forth in the indictment cover *all* of the essential elements contained in the statute. This Court's probably gratuitous observation that the statute does not prohibit the appearance by the defendant Quinn, a lawyer-congressman, in a "case or proceeding" is not inconsistent, as counsel intimates, with the opinion that the indictment is adequate, since there is nothing therein to indicate that the "matters" involved were in fact "cases or proceedings".

The defendant, again apparently relying on that observation, argues that the indictment is defective in that it does not state that the "matters", etc., involved in the defendant Quinn's appearances before the agencies or departments in question were *not* "cases or proceedings". Such an averment would be necessary only if the statute contained an applicable exceptive provision, as was the situation in the cases cited by the defendant in support of his position.

The defendants, in contending that the language of the indictment is lacking in adequate detail and fails to meet the requirements of Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., ask the Court to "compare the sparse allegations (of the instant indictment) * * * with the meticulous details set forth in the indictment * * * in Burton v. United States," (a mail fraud case) 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057. The latter indictment, in the opinion of this Court, is unnecessarily prolix, a situation so common in such cases as to have prompted the observation by the late Judge Medalie, when discussing Rule 7(c), that the "typical mail fraud indictment reads on interminably".

The only point raised on the re-argument which had not been urged on the original motion was the claim that the indictment contains no averment of intent, and hence is defective. The defendant stated that he had conferred with Mr. McInerney, then chief of the criminal division of the office of the Attorney General of the United States, as to his right to appear before an agency or department of the Government, and had been assured that such an appearance would not be an impropriety. Neither the substance of such a conference nor even the fact that it was held could be considered by this Court since it was obliged to confine itself to the facts set forth in the indictment.

The defendant cites the case of U. S. v. McMillan, D.C., 114 F.Supp. 638, in support of his position that intent is a necessary element of the crime charged

under section 281 of Title 18, U.S.C. In that case Judge Kennedy (trial by jury was waived) did not hold that intent was a necessary ingredient of the offense. He found, rather, that since the indictment, perhaps unnecessarily, charged the defendant with criminal intent, the Government was obliged to prove it on the trial.

In the opinion of the Court the remaining cases cited by the defendant are clearly distinguishable from the instant case and the arguments deduced therefrom are without merit.

Accordingly, this Court adheres to its original decision.

### On Motion for Inspection of Grand Jury Minutes and to Dismiss

The defendants Martin Schwaeber and James D. Saver moved for an order (1) providing for an inspection by the Court of the minutes of the proceedings of the grand jury herein and (2) dismissing the indictment on the ground that the evidence adduced before the grand jury was insufficient to support the same or to sustain the charges against them therein contained.

Rule 6(e) of the Federal Rules of Criminal Procedure, under which the application herein was made, provides that disclosure of matters occurring before a grand jury may be made "when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment *because of matters occurring before the grand jury*." (Emphasis added.) I shall assume but not concede that inadequacy of evidence to support the indictment can be said to be "matter occurring before a grand jury".

Submitted in support of the application is the affidavit of Myron J. Greene, Esq., one of counsel for the above-named defendants. On pages 4 and 5 thereof, apparently intended to constitute the "showing that grounds may exist" required by Rule 6(e), appear statements to the effect that the affiant has made careful and diligent inquiry and firmly believes "that no evidence was adduced

before the Grand Jury of any acts on the part of the defendants Schwaeber and Saver other than the acts summarized in the indictment;" and that "it is reasonable to assume that the indictment sets forth all the salient evidence in this respect which was available to the Government and which presumably was presented to the Grand Jury"; and further: that " * * * that (referring to the acts summarized in the indictment) is the only evidence which the Government could possibly have to support its charges" against the said defendants.

The facts hereinabove referred to as having been summarized in the indictment were probably included therein to comply with the provision of Rule 7(c) of the Federal Rules of Criminal Procedure requiring that the indictment "shall be a plain, concise and *definite* written statement of the essential facts constituting the offense charged", (emphasis added) with enough particularity to enable the defendants to prepare their defense and to plead an acquittal or a conviction as a bar to a subsequent prosecution.

It is true that a court may examine the proceedings of a grand jury but the requirement of Rule 6(e) therefor is not satisfied by the mere statement in the instant application that certain proof (that referred to in the indictment) is all that the Government has. In the case of United States v. Weber, 2 Cir., 197 F.2d 237, Chief Judge Swan in commenting on the denial by a District Judge of a motion to dismiss the indictment, or, in the alternative, for inspection of the minutes of the grand jury, said, 197 F.2d at page 238: "We see no error in denial of the motion. A mere request to inspect the minutes, without any statement of facts indicating insufficiency of the evidence, is not enough to require the court to inspect the minutes. There is a presumption that the grand jury acted on sufficient evidence." In the case of United States v. Smyth, D.C., 104 F.Supp. 279, 281, Judge Fee, in passing, upon a similar application, said: "There are unyielding and traditional restraints upon

this power of the courts, and it is never exercised except when compelled by an overwhelming public interest," and Judge Fee said further, "Suffice it to say, examination of the transcript will not be allowed under any circumstances. As one of the greatest trial judges has said, 'It is said to lie in discretion, and perhaps it does, but no judge of this court has granted it, and I hope none ever will.'" Judge Learned Hand, in U. S. v. Garsson, D.C., 291 F. 646, 649.

The case of United States v. Alper, 2 Cir., 156 F.2d 222 and the other cases referred to in defendants' brief are impertinent for reasons which need not be set forth at length herein. Generally speaking, the applications for inspection in those cases were grounded on more substantial facts or sought more specific relief.

For the foregoing reasons the motion is denied.

Submit order.