**UNITED STATES of America,**

v.

**CHIN DOONG ART (also known as Lem Bow Quoon and "Arthur Lem"), Rose Lem, Chin Suie Tung, Lee Sing (also known as Lee Hok Young) and Wong Mei Yee, Defendants.**

Cr. 45897.

United States District Court
E. D. New York.

Jan. 4, 1960.

Cornelius W. Wickersham, Jr., U. S. Atty., E. D. of New York, Brooklyn, N. Y., Kenneth C. Sternberg, Sp. Atty., U. S. Dept. of Justice, Washington, D. C., for the United States.

Steinberg, Friedman & Blau, New York City, for defendants, Louis Steinberg, New York City, of counsel.

### BRUCHHAUSEN, Chief Judge.

The defendants move for dismissal of the indictment upon the ground that they and the alleged co-conspirators, named therein, possess certificates of derivative citizenship and that such citizenship status should be determined directly in civil actions, instituted by the Attorney General for cancellation of the certificates or administratively rather than by collateral attack in the instant criminal action, thereby denying them due process of law, or, in the alternative, for the stay of the criminal trial, pending the appeal from an order dismissing the complaint in a civil action, wherein the defendant, Arthur Lem, sought a declaratory judgment.

The indictment consists of fifteen counts. Counts 1 and 11 to 15, inclusive, charging subornation of perjury and perjury, are not pertinent to the motion.

■ It is settled law that a motion for the dismissal of an indictment is limited to the face thereof. Counts 2 to 10, inclusive, are the only charges in the indictment designating the defendants and co-conspirators as aliens. They allege in substance that the defendants falsely represented themselves to be citizens, concealed identity, failed to register as aliens and subject themselves to fingerprinting. The certificates of de-

rivative citizenship (citizenship derived by a recipient through citizenship of his father) are alluded to in the moving affidavit of the said Arthur Lem, but not in the indictment.

■ The said certificates of derivative citizenship purport to have been issued by the Commissioner of Immigration and Naturalization. The statutes provide for issuance of such certificate to any applicant, claiming to have derived citizenship of a parent, also administrative procedures for cancellation by the Attorney General upon a showing that a certificate was illegally or fraudulently obtained. The defendants urge that the Government was bound to pursue such procedure of cancellation in the instant situation, rather than by criminal action, and the failure to do so constitutes the denial to them of their right to due process of law. Such cancellation procedure by the Attorney General is purely discretionary, not mandatory. Furthermore, other relief, provided by law is not precluded.

■ By their pleas of not guilty in the criminal action, the defendants raise the issue of alienage or citizenship status. They will be afforded full opportunity at the trial to cross-examine the Government's witnesses on that and all other issues and present their evidence. Under these circumstances there can be no conceivable prejudice to them or deprivation of right. Such trial procedure encompasses every phase of due process, including the right of appeal from adverse decisions. The resort to the administrative procedure suggested by the defendants, even if entertained, would be unnecessarily cumbersome and involve a multiplicity of proceedings in that the criminal action in addition to the issue of alienage involves conspiracy charges of false representation of citizenship, concealment of identity to avoid registration as aliens, substantive charges of harboring and shielding aliens from detection and failure to apply for fingerprinting.

The indictment was filed on June 29, 1959. The Government urges that the case be set for trial on February 1, 1960.

The parties have had ample opportunity to prepare for trial. The Court will consider the fixation of a trial date and will notify counsel thereof.

The defendants' motion is in all respects denied.