**STATE of North Dakota, Plaintiff and Appellant,**

**v.**

**Edwin E. KING, d/b/a King Realty, Inc., Defendant and Appellee.**

**Cr. No. 1018.**

Supreme Court of North Dakota.

Oct. 23, 1984.

Ronald L. Hilden, Asst. State's Atty., Dickinson, for plaintiff and appellant.

Diane F. Melbye, Dickinson, for defendant and appellee.

GIERKE, Justice.

The State appeals from a county court order dismissing with prejudice a criminal complaint charging the defendant with one count of dispensing alcoholic beverages to a person under 21 years of age in violation of § 5–02–06, N.D.C.C. We reverse and remand for further proceedings.

The criminal complaint in this case alleges that on or about August 26, 1983, at Ponderosa Liquors in Dickinson, defendant "Edwin E. King, doing business as King Realty, Inc., the licensee of Ponderosa Liquors, by or through his agent dispensed alcoholic beverages to ... Ron McCallum whose date of birth is July 13, 1963." In an affidavit in support of the criminal complaint, Belfield Chief of Police Matt Schaff stated that McCallum told him he purchased a keg of beer at Ponderosa Liquors on August 26, 1983. Edwin E. King signed an "Affidavit and Waiver of Defendant" which declared among other things that he understood that he was charged with the offense, that he understood his constitutional rights, and that he pleaded not guilty to the charge.

King's counsel subsequently filed a pretrial motion to dismiss, claiming in effect that § 5–02–06, N.D.C.C., was unconstitutional as applied to King under the circumstances of this case. The factual circumstances were presented to the county court in King's motion brief which was accompanied by two affidavits signed by the salesperson and the assistant manager of the liquor store stating that they had "read the Statement of Facts and know that the facts presented therein are true and accurate." The State's motion brief, which was not accompanied by any affidavits, disputed some of the factual assertions made in King's brief. No other documents were provided to the county court and no evidentiary hearing was requested or held.

The county court, in its order of dismissal, found as facts that: (1) "Edwin E. King d/b/a King Realty, Inc." was a liquor licensee; (2) on August 26, 1983, three individuals purchased a keg of beer from Ponderosa Liquors "owned and operated by Edwin E. King, licensee;" (3) King was not personally present, or in the State, and did not participate in the sale; (4) one of the purchasers of the keg was under 21; and (5) the salesperson who made the sale was not charged with a criminal offense. Apparently concluding, without discussion, that § 5–02–06, N.D.C.C.,[1] provides for vicarious criminal liability of a liquor licensee for the actions of his employees, the county court determined that the application of the statute to King "upon the foregoing facts, is ... unconstitutional as an unreasonable denial of due process of law...."

At the outset we note that King has not challenged the constitutionality of § 5–02–06, N.D.C.C., on its face, but has challenged its constitutionality as applied to him under the circumstances of this case. The county court's factual determinations were made solely on the basis of the parties' motion briefs, one of which was accompanied with two affidavits stating that the facts set forth are "true and accurate."

Generally, where a defense presenting a mixed question of fact and of constitutional law is raised in a pretrial motion to

---

1. Section 5–02–06, N.D.C.C., provides in pertinent part:

   "*5–02–06. Prohibitions as to persons under twenty-one years of age—Penalty—Exceptions.* Except as permitted in this section, any licensee who dispenses alcoholic beverages to a person under twenty-one years of age, or who permits such a person to remain on the licensed premises while alcoholic beverages are being sold or displayed, is guilty of a class A misdemeanor, subject to the provisions of sections 5–01–08, 5–01–08.1, and 5–01–08.2...."

dismiss, the use of affidavits in support of the motion is neither a satisfactory nor desirable method of proving the facts on which the defense is predicated. *United States v. Mungiole*, 125 F.Supp. 32 (E.D. Pa.1954). *See also People v. Campbell*, 196 Colo. 390, 589 P.2d 1360 (1978) (disapproval of stipulation by counsel as a substitute for a trial record and as a foundation for quashing an indictment on equal protection grounds); *cf. Commonwealth v. Griffis*, 310 Pa.Super. 547, 456 A.2d 1071 (1983) (order granting defendant's motion to dismiss vacated where ruling was founded on factual determinations based on parties' briefs).

The United States Supreme Court has pointed out the inadvisability of deciding constitutional questions on motions to dismiss and without the benefit of a hearing of the facts of the case. In *United States v. Petrillo*, 332 U.S. 1, 6, 67 S.Ct. 1538, 1541, 91 L.Ed. 1877, 1882 (1947), the court stated that "[m]any questions of a statute's constitutionality as applied can best await the refinement of the issues by pleading, construction of the challenged statute and pleadings, and, sometimes, proof." It has also been observed that "it is inexpedient to determine grave constitutional questions upon a demurrer to a complaint, or upon an equivalent motion, if there is a reasonable likelihood that the production of evidence will make the answer to the questions clearer." *Borden's Co. v. Baldwin*, 293 U.S. 194, 213, 55 S.Ct. 187, 193, 79 L.Ed. 281, 291 (1934) (Stone and Cardozo, JJ., concurring).

■ We conclude that the county court abused its discretion when it ruled on the constitutionality of § 5–02–06, N.D. C.C., as applied to the defendant without the benefit of an evidentiary hearing [2] to fully develop the factual circumstances of this case. The production of evidence will enable the parties as well as the county court to more precisely delineate the actual issues involved and might obviate the necessity of ruling on a constitutional question. As stated in syllabus 3 of this Court's decision in *Tooz v. State*, 76 N.D. 599, 38 N.W.2d 285, 287 (1949):

"3. As a general rule a court will inquire into the constitutionality of a statute only to the extent required by the case before it and will not anticipate a question of constitutional law in advance of the necessity of deciding it, and will not formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied."

■ Although both litigants have urged us to decide the constitutional question they have posited, to do so based on the present state of the "record" would amount to nothing more than an advisory opinion on an abstract, hypothetical legal question. For example, one of the many confusing aspects of this case in its present posture is whether or not the criminal complaint charges a violation of § 5–02–06, N.D.C.C., against the actual liquor "licensee." The complaint charges "Edwin E. King, d/b/a King Realty, Inc." with commission of the offense. During oral arguments, the State informed us that according to the liquor license applications filed with the State and the city of Dickinson, the proposed "licensee" is designated as "Ponderosa Liquors." Apparently, the applicant listed on one of the forms is "King Realty, Inc., d/b/a Ponderosa Liquors" and the application is signed by Edwin E. King and his wife in their capacities as president and secretary of the corporation, respectively. We are told that the applicant listed on the other form is "Ed King, Inc.", the name of the business is "Ponderosa Liquors", and the application is signed by Edwin King in his capacity as president of

---

2. On remand, the county court may determine that it would be impractical to attempt pretrial resolution of King's due process claim because it is substantially founded upon and intertwined with the evidence to be presented at trial. In such a case it is proper for the court to defer consideration of the issue until after trial. *See*

Rule 12(e), N.D.R.Crim.P.; *United States v. Williams*, 644 F.2d 950 (2d Cir.1981); *United States v. Loften*, 518 F.Supp. 839 (S.D.N.Y.1981); 1 C. Wright, *Federal Practice and Procedure* § 194 (2d ed. 1982); 8 J. Moore, *Moore's Federal Practice* § 12.04[1] (2d ed. 1983).

the corporation. The legal status of "Ponderosa Liquors" is unclear. The State is unsure of whom or what is designated as the "licensee" in the liquor licenses themselves, and neither the licenses nor the applications for the licenses are part of the record. Suffice it to say that this confusion surrounding the identity of the actual "licensee" in this case and its relation to the person or entity purportedly charged in the complaint is but one of the unresolved issues not brought to the attention of the county court.

We therefore express no opinion whether or not § 5–02–06, N.D.C.C., provides for vicarious criminal liability of a liquor licensee for the acts of his employees, or if it does so provide, whether or not it is unconstitutional as applied to King.

The order of dismissal is reversed and the case is remanded for further proceedings.

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.