**UNITED STATES of America,**

v.

**John ANTONUCCI.**

**No. 86 CR 864.**

United States District Court,
N.D. Illinois, E.D.

March 19, 1987.

---

**246**

United States Attorney's Office, Chicago, Ill., for plaintiff.

James R. Meltreger, Onesto, Giglio, Meltreger, Chicago, Ill., for defendant.

### ORDER

ASPEN, District Judge.

Defendant John Antonucci moves this Court to reconsider its denial of his motion to dismiss the indictment, 663 F.Supp. 243. We deny that request for the following reasons. Antonucci submits with his motion to reconsider a stipulation also signed by the Government that states that the FBI reports appended to the motion to dismiss "truly and accurately reflect the conversation occuring between Antonucci and Special Agents Caster and Kuntzelman ..." that led to the false statement charge. Antonucci then urges this Court to decide as a matter of law whether he can invoke the "exculpatory no" defense based on this factual basis. Fed.R.Crim.P. 12(b) was not intended to convert motions to dismiss into a criminal case analogy of the civil practice motion for summary judgment. *United States v. Russell*, 415 F.Supp. 9, 10 (W.D.Tex.1975), 1 C. Wright, *Federal Practice and Procedure: Criminal 2d* § 194 at 714 (1982). We decline the parties' attempt to amend the Federal Rule of Criminal Procedure to create such a new motion by stipulation. Additionally, the United States Supreme Court has indicated that an affirmative defense to a false state-

ment, 18 U.S.C. § 1001, indictment must initially be determined at trial and not on a motion to dismiss the indictment under Fed.R.Crim.P. 12(b). *United States v. Knox*, 396 U.S. 77, 84 & n. 7, 90 S.Ct. 363, 367 & n. 7, 24 L.Ed.2d 275 (1969). If either the government or the defendant are aware of any authority permitting the Court in ruling on a motion to dismiss to accept a tender of a stipulation of the evidence and preview whether under the facts the defendant has a valid defense to the case, such authority should be submitted to the Court forthwith. Nevertheless, if we are correct that Antonucci cannot raise the "exculpatory no" defense in a motion to dismiss, the Seventh Circuit Court of Appeals already has our views on the merits of the motion. *See* fn.1 of our March 13, 1987 opinion. Therefore, we deny Antonucci's motion to reconsider. It is so ordered.