UNITED STATES of America

v.

**BICOASTAL CORPORATION, f/k/a The Singer Company, George Barna, Gordon Stred, Charles Monachello, Theodore Stone, Leonard Leitner.**

No. 92–CR–261.

United States District Court,
N.D. New York.

March 10, 1993.

Gary L. Sharpe, U.S. Atty., N.D.N.Y., Binghamton, NY (Richard A. Poole, D. Rix

Edwards, Robertson T. Park, Washington, DC, of counsel), for U.S.

Seyfarth, Shaw, Fairweather & Geraldson, Washington, DC (William F. Pendergast, Brenda Gruss, J. Kevin Edmundson, of counsel), for defendant Stone.

Zuckerman, Spaeder, Goldstein, Taylor & Kolker, Washington, DC (Roger C. Spaeder, Martin S. Himeles, Jr., Gary D. Weinfeld, Robert Gulack, of counsel), for defendant Monachello.

## MEMORANDUM—DECISION AND ORDER

McAVOY, District Judge.

The United States of America (hereinafter "the Government") having moved for reconsideration of this court's December 14, 1992 decision to dismiss the indictment as to defendants Stone and Monachello, and the court having granted the motion for reconsideration and having ordered further briefing from the parties, and the court having given due consideration to the arguments of the parties, the court now finds that it must vacate its prior order and reinstate the indictment as alleged against defendants Stone and Monachello. It does so for the following reasons.

### I. DISCUSSION

The central factual elements of this motion are not in dispute and therefore the facts pertinent to this decision will not be repeated. Rather, the court relies upon the transcript of the December 14, 1992 proceeding (hereinafter signified as "T.") and familiarity is assumed.

A. As is apparent, defendants brought a pre-trial motion under Fed.R.Crim.P. 12 to dismiss the entirety of the indictment as it relates to them. The basis of their motion was that they effectively withdrew from the conspiracy which forms the nucleus of the instant indictment and that this withdrawal occurred beyond the applicable statute of limitations.[1] Further, the defendants argued

---

**1.** 18 U.S.C. § 3282 provides:

[N]o person shall be prosecuted, tried, or punished for any offense, not capital, unless the

that their withdrawal served to bar prosecution for the substantive offenses charged in the indictment under the same statute of limitations. After oral argument held on December 14, 1992, the court found that the government had failed to rebut or impeach the defendants' properly supported prima facie showing of withdrawal from the conspiratorial enterprise more than five years before the instant indictment was filed. *See generally*, Transcript of Dec. 14, 1992 proceeding. Consequently, the court indicated that under the provisions of 18 U.S.C. § 3282 and Fed. R.Crim.P. 12(b), the instant indictment would be dismissed as to defendants Stone and Monachello. "T." pp. 60–61. The government then moved for reconsideration and, having granted the motion to reconsider, the court ordered further briefing from the parties.

On reconsideration, the Government contends that the court is barred from deciding this issue pre-trial because the indictment at paragraph 33 charges that Stone and Monachello participated in the conspiracy throughout its duration and well into the statutory time period.[2] The government argues that to hold that the two defendants withdrew from the conspiracy prior to its completion requires a finding in contradiction of the factual allegation of paragraph 33, a practice prohibited by long standing precedent. *See*

*Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

In opposition, the defendants argue that the conclusory allegations of paragraph 33 define only the duration of the crime of conspiracy and not of each defendant's participation therein. They contend that when taken in context and construed logically, the allegations of paragraph 33 amount to but a *pro forma* introductory statement designed and intended only to elucidate the remaining allegations in the indictment. Thus, the defendants argue that the court's prior finding of withdrawal does not contradict the factual allegations of the indictment and, for the reasons proffered in its oral decision, the court's original decision should stand.

B. After reviewing the parties' present and past papers as well as the transcript of the oral argument held on December 14, 1992, the court finds that but for a simple sentence in the prior papers the government had not previously indicated how the withdrawal defense contradicted the allegations of the indictment. Thus, the court credited defendants' arguments that their assertions of withdrawal complimented, not contradicted, the allegations in the Indictment.[3] Now, however, the government's position is clear and the determination for the court is a narrow one. If the court finds that the allegation of paragraph 33 is as the govern-

---

indictment is found ... within five years next after such offense shall have been committed.

2. The government reaches this conclusion by literally construing the allegations contained in the introductory paragraph of each count. Paragraph 33, introducing the conspiracy charge at Count 1, states:

> 33. From in or about June 1983 through in or about September 1988,
>
> BICOASTAL CORPORATION f/k/a THE SINGER COMPANY
> GEORGE BARNA
> GORDON STRED
> CHARLES MONACHELLO
> THEODORE STONE
> LEONDARD LEITNER
>
> the defendants, together with others known and unknown, did wilfully and knowingly combine, conspire, confederate and agree [to defraud the United States].

Comparable allegations concerning the alleged mail fraud and wire fraud scheme appear at pages 18 and 20 of the indictment, respectively.

3. In their Joint Reply Brief submitted prior to oral arguments, the defendants argued that their

allegations of withdrawal did not contradict the allegations of the Indictment because the introductory language of each count merely defined the duration of the entire conspiracy—not the defendants' participation therein. Reply Brief, pp. 2–3. Further, the defendants argued that because the indictment itself alleges the transfer of Stone and Monachello out of the Link Flight Simulation Division, if and when the court accepted the legal proposition that this constituted withdrawal from the conspiratorial enterprise, a legal determination—not a factual one—would be made by the court and this determination would not contradict the factual allegations in the Indictment. Finally, the defendants argued that their theory of withdrawal contradicted none of the substantive allegations of overt acts contained in the indictment which named Stone or Monachello. *See* Indictment, pp. 9–10 (discussing career paths of defendants Monachello & Stone) & pp. 13–17 (alleging no overt acts by either defendant within statute of limitations time span); *see generally*, T. at 50–61.

ment contends—a literal allegation of participation—, then the defendants could escape trial only by a method analogous to civil summary judgment. On the contrary, if the allegation in paragraph 33 is, as the defendants assert, merely a definition of the conspiracy's duration, then dismissal is proper under Fed.R.Crim.P. 12. Consequently, the court's decision turns on its interpretation of the substance of paragraph 33.

■ C. It has long been held that the criminal analog to civil summary judgment motions, referred to in the colloquialism of the past as "speaking motions," are not allowed by Fed.R.Crim.P. 12(b). *United States v. Ayarza–Garcia,* 819 F.2d 1043, 1048 (11th Cir.1987) ("Rule 12 is not intended to authorize 'speaking motions' through which the truth of allegations in an indictment are challenged."), *cert. denied,* 484 U.S. 969, 108 S.Ct. 465, 98 L.Ed.2d 404 (1987); *United States v. Greater Syracuse Bd. of Realtors, Inc.,* 449 F.Supp. 887, 889 (N.D.N.Y.1978) (same); *United States v. Antonucci,* 663 F.Supp. 245, 246 (N.D.Ill.1987) ("Fed. R.Crim.P. 12(b) was not intended to convert motions to dismiss into a criminal case analogy of the civil practice motion for summary judgment."); *See e.g.* 1 C. Wright, *Federal Practice and Procedure: Criminal 2d,* § 194 at 714 (1982). Rather, as this court has recognized previously, on Rule 12(b) motions the court must accept all factual allegations in the Indictment as true. T. at 60. The purpose of this rule of practice as enunciated by the Supreme Court in *Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), is to protect the sanctity of the grand jury and to avoid a trial before the trial. *Id.* at 363, 76 S.Ct. at 408–09. The latter policy reason, of course, is to provide for the expedited administration of justice. Thus, where a grand jury has determined that there is probable cause to believe that a fact constituting an element of a crime has occurred, and where this fact is alleged in an indictment, a defendant may not challenge this factual assertion short of a trial on the merits.

■ A literal reading of paragraph 33 indicates that the Grand Jury found probable cause to believe that both Stone and Mona-

chello participated in the conspiracy throughout its duration. While logic and context may contra-indicate such a conclusion, the defendants have shown this court no authority which allows it to look behind the intent of the grand jury or to contextually construe allegations of an indictment. Consequently, the court must conclude that paragraph 33 stands for its literal proposition. *See United States v. Tallant,* 407 F.Supp. 878, 887 (N.D.Ga.1975) (holding that "on or about" language contained within indictment was sufficient factual allegation to defeat Fed. R.Crim.P. 12(b) motion based upon statute of limitations). That being so, the allegations that defendants Stone and Monachello (as well as the other named defendants) participated in the crimes charged in the indictment from "in or about June 1983 through in or about September 1988" (*See* Indictment, pp. 10 [count 1], 18 [counts 2–13], and 20 [counts 14–25] ) are sufficient to defeat the statute of limitation defenses and therefore a trial on the merits must be held. *United States v. Tolub,* 187 F.Supp. 705, 709 (S.D.N.Y.1960) ("Since, for purposes of a pre-trial motion, the factual allegations in the indictment are treated as correct, the government's allegation of a conspiracy continuing until the date of the filing of the indictment must be accepted."); *United States v. Metropolitan Leather & Findings Assn.,* 82 F.Supp. 449, 453 (S.D.N.Y.1949) ("If any of the defendants withdrew from the conspiracy long enough ago for the statute of limitations to bar prosecution now, they may show that upon the trial."); *United States v. Stone,* 444 F.Supp. 1254, 1256 (E.D.Wis.1978), *aff'd without op.,* 588 F.2d 834 (7th Cir.1978) ("[A]ffirmative defense of withdrawal from the alleged scheme and conspiracy is not one which is capable of determination without a trial of the general issue in this case...."); *United States v. Handler,* 1978 WL 5690 (C.D.Cal. 1978) (conspiracy allegations and the aiding and abetting charges prevents pre-trial adjudication of withdrawal/statute of limitations defense); *United States v. Kearney,* 436 F.Supp. 1108 (S.D.N.Y.1977) (declining to resolve statute of limitations defense pre-trial where doing so would require adjudication of factual allegations of the indictment); *United*

*States v. Andreas,* 374 F.Supp. 402 (D.Minn. 1974) (same).

However, the court must state that the result reached today, while procedurally mandated, seems to defeat, at least in the instant case, the very regard for the efficient and orderly administration of justice which directed the Court in *Costello, supra* and *Toussie v. United States,* 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970). The practical effect of this ruling is that a cursory statement by a grand jury, empaneled for over two years and asked to review documents totalling over 22,000 pages, will bring to trial two defendants who have laid bare affirmative defenses which show almost unequivocally that they withdrew from the purported conspiracy more than five years before the indictment. Thus, as so strongly renounced by the Court in *Toussie,* these defendants will be required to defend against stale charges of criminality, charges which in all practicality could have been resolved pretrial. In doing so they must endure the financial and emotional strain of trial predicted to last over two months. Unless the prosecution can show more than it has on the instant motion, a contingency for which the defense must prepare nonetheless, the defendants' motion will in all likelihood be granted under Fed.R.Civ.P. 29 after the close of the government's proof. When stripped of its glowing rhetoric, the functional effect of the government's position is that it has used its favorite net of "conspiracy" to ensnare two defendants who, by Congress' own determination, should have gone free because of the government's dalliance.

## II. CONCLUSION

**Wherefore,** for the reasons discussed herein, it is hereby

**ORDERED** that the court's December 14, 1992 order dismissing indictment 92–CR–261 as to defendants CHARLES MONACHELLO and THEODORE STONE is **VACATED;** and that indictment 92–CR–261, as to defendants CHARLES MONACHELLO and THEODORE STONE, is re-instated as originally handed down by the Grand Jury and filed before this court on July 9, 1992.

**IT IS SO ORDERED.**