**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Jerry M. DAVENPORT, Defendant and Appellee.**

**Crim. No. 950006.**

Supreme Court of North Dakota.

Aug. 29, 1995.

Cynthia M. Feland (argued), State's Attorney, Carson, for plaintiff and appellant.

Ralph A. Vinje (argued), Vinje Law Firm, Bismarck, for defendant and appellee.

MESCHKE, Justice.

The State appeals from an order dismissing an information charging Jerry Davenport with gross sexual imposition for contact with a child under the age of fifteen. Because we conclude that the trial court improperly considered evidence of facts not stated in the information, we reverse and remand.

Davenport was charged with two counts of gross sexual imposition for alleged sexual contacts with his daughter, when she was under the age of fifteen, in December 1982 and December 1983. The complaint was filed on July 28, 1994. Davenport waived a preliminary hearing and the information was filed on November 2, 1994.

Davenport moved to dismiss the prosecution as barred by the statute of limitations. With his motion, Davenport submitted affidavits and documentary evidence. The trial court, relying upon the evidence from Davenport, dismissed the information. The State appealed.

To give the context of the trial court's ruling, we trace the complex history of the statute of limitations for these offenses. Davenport was charged with criminal violations of NDCC 12.1–20–03(2)(a) for sexual contacts with a person under age fifteen. When these offenses allegedly occurred in December 1982 and December 1983, the applicable statute of limitations barred prosecution of felonies generally after three years. NDCC 29–04–02. In 1985, the legislature enacted NDCC 29–04–03.1 that established a seven-year limitation for sexual offenses against a minor victim in a "familial relationship" with the offender. 1985 N.D.Laws ch. 359, § 1. In 1987, the legislature amended NDCC 29–04–03.1 by removing the requirement of a "familial relationship" and by establishing a seven-year limitation for sexual offenses against any victim under the age of eighteen. 1987 N.D.Laws ch. 390, § 3. The 1987 legislature also enacted NDCC 29–04–03.2 directing that, if the victim of the sexual offense was under age fifteen, the limitation period does not begin until the victim reaches the age of fifteen. 1987 N.D.Laws ch. 391, § 1. Finally, the 1993 legislature again amended NDCC 29–04–03.1, in 1993 N.D.Laws ch. 331, § 1, to direct that prosecution for sexual offenses against victims under the age of eighteen must be commenced within seven years after the offense, "or, if the victim failed to report the offense within this limitation period, within three years after the offense was reported to law enforcement authorities."

The State argues that each subsequent amendment serially extended the limitation for Davenport's crimes before the prior limitation had expired. Chronologically, the State argues, before the original three-year statute of limitations expired in December 1985, the 1985 legislature changed the limitation to seven years; before the seven-year limitation expired in 1989, the 1987 legislature created a tolling period until the victim reached the age of fifteen; and, because this victim did not reach the age of fifteen until December 1990, the seven-year limitation would not end until 1997. Accordingly, the State argues, when these charges were brought in 1994, they were not yet barred.

To support this argument, the State relies upon reasoning in *State v. Thill,* 468 N.W.2d 643, 647 n. 8 (N.D.1991):

California's rule against retroactivity, like North Dakota's, was derived from the Field Code of Civil Procedure. Cal.Civil Code § 3 (West 1982) (originally enacted 1872). California applies any extension of a statute of limitations immediately, rejecting arguments that it is an "ex post facto" law, as well.

A law which increases a limitations period or provides a new method of tolling it may be applied immediately to all crimes as to which the period has not yet run under the prior law. . . .

As Judge Learned Hand so aptly put it "Certainly it is one thing to revive a prosecution already dead, and another to give it a longer lease of life. The question turns upon how much violence is done to our instinctive feelings of justice

and fair play. For the state to assure a man that he had become safe from its pursuit, and thereafter to withdraw its assurance, seems to most of us unfair and dishonest. But, while the chase is on, it does not shock us to have it extended beyond the time first set, or, if it does, the stake forgives it." (*Falter v. United States* (2nd Cir.1928) 23 F.2d 420, 425–426.)

We conclude the ex post facto clause does not apply because the statute of limitations on defendant's crime had not expired before the action against him was commenced.

*People v. Lewis,* 180 Cal.App.3d 816, 225 Cal.Rptr. 782, 785 (4 Dist.1986) (citations omitted). Similarly, *see Commonwealth v. Bargeron,* 402 Mass. 589, 524 N.E.2d 829 (1988); *People v. Russo,* 185 Mich.App. 422, 463 N.W.2d 138 (1990).

*See also State v. Pleason,* 56 N.D. 499, 218 N.W. 154 (1928) (amendment tolling statute of limitations applied to crime committed prior thereto where previous limitation period had not expired).

It cannot be successfully contended a criminal has a vested right to any special period of limitation. It requires considerable enthusiasm in defense to argue there is any contractual relation between a criminal and the state regarding when he should be prosecuted if he undertakes to commit a crime, and that the state is bound by the same sporting chance that he takes. To apply this law to former offenses does not make it a retroactive law.

*Id.* 218 N.W. at 155. The trial court apparently followed the *Thill* rationale by applying the 1993 version of NDCC 29–04–03.1 as the limitation period.

The trial court reasoned that the seven-year period for the two charges would have expired in December of 1989 and 1990, respectively and, relying upon "evidence" that the child had told her mother and numerous other persons about the alleged offenses in 1985, concluded that the limitation requiring commencement within three years after reporting also had run. The court did not explain, however, why it did not apply NDCC 29–04–03.2 to toll the beginning of the limitation period until the victim had reached age fifteen.

In determining whether the serial amendments to the relevant statutes of limitations apply in this case, we must consider NDCC 1–02–10:

> *Code not retroactive unless so declared.* No part of this code is retroactive unless it is expressly declared to be so.

In *State v. Hersch,* 445 N.W.2d 626, 630 (N.D.1989), this court concluded that NDCC 1–02–10 barred application of an amendment to the statute of limitations for a prior theft crime, because the legislature had not intended that the amendment apply to then existing, but unbarred, crimes.

The rule of NDCC 1–02–10 is merely one of statutory construction. *See Gofor Oil, Inc. v. State,* 427 N.W.2d 104, 108 (N.D.1988); *State v. Cummings,* 386 N.W.2d 468, 471–472 (N.D.1986); *Caldis v. Board of County Commissioners,* 279 N.W.2d 665, 669 (N.D.1979). The statute need not include an express declaration, using the word "retroactive," but intent of retroactive application may be implied. *In re W.M.V.,* 268 N.W.2d 781, 783–784 (N.D.1978) ("We do not interpret Section 1–02–10, N.D.C.C., to require that a statute or act contain the word "retroactive" in order for it to be applied to facts occurring prior to the effective date of the statute or act."). As *Caldis,* 279 N.W.2d at 669, explained, rules of statutory construction are subservient to the main rule that the intent and purpose of the legislature must be given effect.

We cautioned in *Cummings,* 386 N.W.2d at 471–472, that NDCC 1–02–10 is not to be blindly followed if there is evidence the legislature intended retrospective application:

> However, NDCC § 1–02–10 is but a canon of statutory construction to aid in interpreting statutes to ascertain legislative intent. It is not an end in itself. Like any rule of construction, NDCC § 1–02–10 is subservient to the goal of statutory interpretation: to ascertain and effectuate legislative intent. *See Caldis v. Board of Cty. Com'rs, Grand Forks Cty.,* 279 N.W.2d 665 (N.D.1979); *Dickinson v. Thress,* 69 N.D. 748, 290 N.W. 653 (1940).

As stated by the California Supreme Court, when it interpreted a rule of construction virtually identical to NDCC § 1-02-10:

> "That rule of construction, however, is not a straitjacket. Where the Legislature has not set forth in so many words what it intended, the rule of construction should not be followed blindly in complete disregard of factors that may give a clue to the legislative intent. It is to be applied only after, considering all pertinent factors, it is determined that it is impossible to ascertain the legislative intent." *In re Estrada*, 63 Cal.2d 740, 48 Cal.Rptr. 172, 176, 408 P.2d 948, 952.

We thus concluded, in *Cummings*, 386 N.W.2d at 472, that there is no need to resort to NDCC § 1-02-10 to discern legislative intent if we are able to rationally infer from other sources that the legislature intended retroactive application of the statute.

■ In this case, a review of the legislative history of the 1985, 1987, and 1993 amendments allows us to rationally infer that the legislature intended retroactive application of each extension of the statute of limitations. Those histories demonstrate the intent to remedy an immediate problem: application of a longer statute of limitations to allow prosecution when a child victim does not remember or understand the nature of the abuse until many years later. Those histories are replete with references to the need to extend the statute to ensure treatment for offenders, victims, and families, and to end continued abuse by getting the offend-er away from the children. We discern a legislative intent to apply the amendments to existing offenses, not merely future ones. We therefore conclude that the 1985, 1987, and 1993 amendments apply to this case.[1]

■ Davenport moved to dismiss the information under NDRCrimP 12. We summarized the applicable procedure for a Rule 12 motion in *State v. Howe*, 247 N.W.2d 647, 652 (N.D.1976):

> As a preliminary matter, we point out that the purpose of a motion to dismiss is to test the sufficiency of the information or indictment. It is not a device for summary trial of the evidence, and facts not appearing on the face of the information cannot be considered. *United States v. Luros*, 243 F.Supp. 160 (N.D.Iowa 1965); *United States v. Chin Doong Art*, 180 F.Supp. 446 (D.C.N.Y.1960). The court is obliged to confine itself to the face of the information. See *United States v. Quinn*, 116 F.Supp. 802 (D.C.N.Y.1953). Further, for purposes of the motion, all well-pleaded facts are taken to be true. *United States v. Luros*, *supra*.

In later cases, we have cautioned against converting a Rule 12 motion into a summary trial that would deprive the fact-finder of its exclusive function of determining factual questions. *State v. Hammond*, 498 N.W.2d 126, 129 (N.D.1993); *State v. Zeno*, 490 N.W.2d 707, 709 (N.D.1992); *State v. O'Boyle*, 356 N.W.2d 122, 124–125 (N.D. 1984). Where a Rule 12 motion presents mixed questions of fact and law, "the use of affidavits in support of the motion is neither

---

1. We also note the recent pronouncement by the United States Supreme Court on retroactive application of statutes in *Landgraf v. USI Film Products*, —— U.S. ——, ——, 114 S.Ct. 1483, 1499, 128 L.Ed.2d 229, 254–255 (1994):

   A statute does not operate "retrospectively" merely because it is applied in a case arising from conduct antedating the statute's enactment, see *Republic Nat. Bank of Miami v. United States*, 506 U.S. ——, ———–——, 113 S.Ct. 554, 556–557, 121 L.Ed.2d 474 (1992) (THOMAS, J., concurring in part and concurring in judgment), or upsets expectations based on prior law. Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment. The conclusion that a particular rule operates "retroactively" comes at the end of a process of judgment concerning the nature and extent of the change in the law and the degree of connection between the operation of the new rule and a relevant past event. Any test of retroactivity will leave room for disagreement in hard cases, and is unlikely to classify the enormous variety of legal changes with perfect philosophical clarity. However, retroactivity is a matter on which judges tend to have "sound ... instinct[s]," see *Danforth v. Groton Water Co.*, 178 Mass. 472, 476, 59 N.E. 1033, 1034 (1901) (Holmes, J.), and familiar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance.

   Thus, it is questionable whether application of an amended statute of limitations to actions accruing before its adoption is "retroactivity" in the legal sense.

a satisfactory nor desirable method of proving the facts on which the defense is predicated." *State v. King*, 355 N.W.2d 807, 809 (N.D.1984). If the defense is "founded upon and intertwined with the evidence to be presented at trial" [*King*, 355 N.W.2d at 809 n. 2], "cannot be resolved apart from the facts which are yet to be determined" [*State v. Swanson*, 407 N.W.2d 204, 206 (N.D.1987) ], or "raises factual questions embraced in the general issue" [*Zeno*, 490 N.W.2d at 709; *O'Boyle*, 356 N.W.2d at 124; *State v. Kolobakken*, 347 N.W.2d 569, 570 (N.D.1984) ], dismissal under Rule 12 is inappropriate.

Davenport does not dispute that, to decide the motion, the court considered facts not stated in the information. Rather, Davenport argues that the dismissal was appropriate because the State failed to present "evidence" to support the information and to rebut Davenport's "evidence" presented with his motion. Rule 12 does not, however, allow a criminal analog to summary judgment procedures in civil cases. *See United States v. Ayarza–Garcia*, 819 F.2d 1043, 1048 (11th Cir.1987); *United States v. Bicoastal Corp.*, 819 F.Supp. 156, 158 (N.D.N.Y.1993); 1 Wright, Federal Practice and Procedure: Criminal 2d § 194 (1982). As *State v. Neset*, 462 N.W.2d 175, 177 (N.D.1990), and *State v. Kolobakken*, 347 N.W.2d 569, 570 (N.D.1984), have indicated, our Rule 12 is derived from the corresponding federal rule, and we may therefore look to these federal cases as an aid in construing our rule.

■ Numerous federal courts have concluded that, although the bar of the statute of limitations may be raised by a motion to dismiss under Rule 12, any objection not found on the face of the indictment would present factual issues inextricably intertwined with the merits of the case and should be properly left for trial on the merits. *See, e.g., United States v. Bicoastal Corp.*, 819 F.Supp. at 158; *United States v. Kearney*, 436 F.Supp. 1108, 1119 (S.D.N.Y.1977); *United States v. Gulf Oil Corp.*, 408 F.Supp. 450, 456 (W.D.Pa.1975); *United States v. Andreas*, 374 F.Supp. 402, 406–407 (D.Minn. 1974). A trial court faced with a motion to dismiss on a statute of limitations defense must act with "delicacy and circumspection."

*United States v. Coia*, 719 F.2d 1120, 1125 (11th Cir.1983). If facts are in dispute on a motion to dismiss for the statute of limitations, the decision should be put off until trial. 1 Wright, Federal Practice and Procedure: Criminal 2d § 193 (1982). As this court held in *State v. Ford*, 377 N.W.2d 125, 126 (N.D.1985), "When there are issues of fact concerning the applicability of a statute of limitations, it is appropriate for the trial court to refer the matter to the jury."

■ The trial court clearly considered factual matters beyond the face of the information in deciding this motion to dismiss. Furthermore, those facts were inextricably interwoven with the proof to be submitted at trial. Under these circumstances, the trial court erred in dismissing these charges.

Because the same questions remain upon remand, we address the trial court's legal interpretation of the relevant statutes. The court's entire legal analysis was:

The present statute allows prosecution to commence within seven years of the commission of the offense or if the victim failed to report the offense, within three years after the offense was reported to authorities.

In this case, the alleged incidents occurred in 1982 and 1983. Clearly, more than seven years have passed. In addition, the child reported the incidents to numerous people, including her mother and other professionals. The action is barred.

This analysis was incomplete.

■ The applicable, current version of NDCC 29–04–03.1 sets the limitation period at seven years after the offense, "or, if the victim failed to report the offense within this limitation period, within three years after the offense was reported to law enforcement authorities." By its terms, the latter clause applies only if the victim failed to report within the seven-year period. Davenport asserts, and the trial court apparently concluded, that if the victim *does* report within the seven-year period the statute of limitations is thereby *shortened* to three years after the report. The statute says no such thing. Furthermore, such an interpretation would defeat the legislature's expressed intent for

the 1993 amendment. The legislative history clearly documents that the 1993 amendment, adding the three-years-after-reporting language, was intended to *extend* the limitation period beyond the seven years, especially in cases of repressed memory of childhood sexual abuse. *See Thill,* 468 N.W.2d at 646 (legislative history of 1985 amendment shows clear intent to extend the time for prosecution of sexual abuse of children). It would be ironic indeed to construe that language to shorten the time for prosecution to less than the seven-year period.

The trial court also concluded that the seven-year limitation for the two counts expired in 1989 and 1990, respectively, thereby barring prosecution. The court, however, failed to address NDCC 29–04–03.2, which tolls the commencement of the limitation period until the victim reaches the age of fifteen.[2] Davenport has not made any cogent argument about why the tolling provision should not apply to extend the statute of limitations to seven years after the victim's fifteenth birthday. Accordingly, the trial court is directed on remand to consider and apply NDCC 29–04–03.2, which tolls commencement of the limitation period until the victim reaches the age of fifteen.

The order dismissing the information is reversed, and the case is remanded for further proceedings consistent with this opinion.

SANDSTROM and NEUMANN, JJ., concur.

LEVINE, Justice, concurring and dissenting.

In *State v. Hersch,* 445 N.W.2d 626, 630–31 (N.D.1989), "guided by the principle that statutes of limitation are to be construed liberally in favor of the accused and against the prosecution," we held that an amendment to a statute of limitations does not apply to a case involving criminal conduct that occurred before the amendment. That is because all statutes, whether procedural or substantive, are to be applied "only to causes of action that arise after the effective date of the statute, unless the legislature clearly expresses that they are to be applied retroactively." *Reiling v. Bhattacharyya,* 276 N.W.2d 237, 240–41 (N.D.1979).

The majority, citing to a pre-*Reiling* case, *In re W.M.V.,* 268 N.W.2d 781 (N.D.1978), for the contradictory proposition that there need be no express legislative declaration of retroactivity, apparently overrules *Reiling* and *Hersch,* and, contrary to their teaching, applies a series of amended statutes of limitations to criminal conduct that occurred before the effective dates of the amendments. In so doing, it undermines precedent and ignores the value of the bright-line test enunciated in *Reiling.* After all, it is a rather simple matter for the legislature to expressly state that an amendment is to be retroactive, and indeed, it has done so when that has been its intent. *E.g.,* NDCC § 14–09–08.2(3) [making retroactive procedure for enforcing child support orders for adult children]. The omission of that declaration in the amendments involved in this case indicates the intent not to apply them retroactively. *See Reiling, Hersch, supra.*

In promoting the dicta of *State v. Thill,* 468 N.W.2d 643, 647 (N.D.1991), to overrule precedent, the majority also resuscitates and relies on *State v. Pleason,* 56 N.D. 499, 218 N.W. 154 (1928), quoting from it approvingly. However, in *Hersch,* we distinguished *Pleason* as being "not controlling because it involved only the issue of an ex post facto law and not our recent decisions construing Section 1–02–10, N.D.C.C." *Hersch* at 630 n. 6.

Nor does the majority's reliance on *State v. Cummings,* 386 N.W.2d 468 (N.D.1986), justify its departure from *Reiling.* In *Cummings, supra* at 472, we carefully crafted an exception to *Reiling* 's requirement of an express declaration of retroactivity, in the case of "an ameliorating amendment to a criminal

---

2. The State claims that the victim turned fifteen in December 1990. Davenport contends that the failure to present "evidence" of this fact to the trial court precludes the State from now relying upon it. However, Davenport's argument is inconsistent with the nature of a Rule 12 motion to dismiss, that is limited to the face of the charging instrument. Davenport conceded at oral argument that the State did not have to plead in the information facts establishing that the statute of limitations had not run. In addition, the date of birth of the child victim, if disputed, is intertwined with the facts for trial, because the age of the victim is an element of the offense charged.

statute." *Cummings* involved the question of whether a statute reducing the penalty for an offense, but enacted after defendant had committed the offense, should nonetheless be applied to that offense. In *Cummings,* the exception we drew protected the defendant from a result that would have deprived him of the legislature's beneficence. We thus construed the statute "liberally in favor of the accused and against the prosecution." Here, the majority creates an exception that not only devours the *Reiling* rule, but does so to favor the prosecution. It thus turns *Cummings* on its head.

Insofar as the majority decision overrules *Reiling* and *Hersch,* I dissent.

However, I do concur in the majority's Rule 12 analysis, and therefore, I agree that the dismissal should be reversed. But I disagree that the trial judge should apply any statutory limitation that was enacted or amended after the defendant's alleged sexual conduct occurred. *See Hersch, supra.*

VANDE WALLE, Chief Justice, concurring and dissenting.

We concluded in *Reiling v. Bhattacharyya,* 276 N.W.2d 237 (N.D.1979), that a statute is applied retroactively when it is applied to a cause of action that arose prior to the effective date of the statute and it is applied prospectively when it is applied to a cause of action that arose subsequent to the effective date of the statute. If the amendments to section 29–04–03.1 and 29–04–03.2, NDCC, are applied here, they are applied retroactively. But we also said in *Reiling* that in view of section 1–02–10, NDCC, which orders that no part of the code is retroactive unless it is especially declared to be so, all statutes, substantive or procedural, are to be applied prospectively, i.e., to causes of action that arise after the effective date of the statute, unless the Legislature clearly expresses they are to be applied retroactively. In doing so, we reviewed our previous case law which applied procedural statutes retroactively and substantive statutes prospectively and we abandoned that case law in favor of the "bright line" test described above, i.e., no statute is retroactive unless the Legislature expressly declares it to be so.

The Legislature is, of course, free to apply statutes retroactively unless to do so would result in an *ex post facto* application. *See* definition of *ex post facto* in *State v. Jensen,* 333 N.W.2d 686, 693–694 (N.D.1983). Under that definition the extension of the applicable statute of limitations to a crime not yet barred by the statute of limitations in effect at the time the crime occurred, would not be *ex post facto* application. *State v. Thill,* 468 N.W.2d 643 (N.D.1991). *State v. Pleason,* 56 N.D. 499, 218 N.W. 154 (1928). *See also State v. Haverluk,* 432 N.W.2d 871 (N.D. 1988).

The Legislature has, of course, expressly declared when statutes are to be retroactive. *See, e.g.,* section 39–08–01.1, NDCC, enacted in 1983. [For purposes of Chapters 39–06.1, 39–08 and 39–20, previous conviction does not include any prior violation of section 39–08–01, NDCC, if offense occurred prior to July 1, 1981]. *See also State v. Haverluk, supra* [statutes providing increased penalties for repeat D.W.I. offenders not applied retroactively so as to violate *ex post facto* clause].

Because in this case the Legislature did not expressly apply the statutes increasing the statutes of limitations to crimes committed prior to the enactment of the statutes, I respectfully dissent, except as to the majority's analysis of Rule 12, NDRCrimP, with which I concur.