USA v. Samaritan, et al.          CR-97-042-M    05/19/98
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


United States of America

        v.                                Criminal No. 97-42-1-5-M

Samaritan Health Systems, Inc.,
Heart Trace of Nashua, Inc.,
John W. Conway, Norman P. Lehrman,
and Donnie W. Lawson


                          **O R D E R**


        Defendants are charged with making false statements, mail

fraud, and conspiracy arising from their business - providing

electrocardiograph services to nursing home patients (for which

defendants allegedly submitted intentionally false claims to

Medicare).  Defendants[1] move to dismiss or strike parts of the

indictment pursuant to Federal Rule of Criminal Procedure

12(b)(2) on grounds that applicable Medicare instructions and

regulations were too vague or ambiguous to inform them of

Medicare coverage requirements.  For the reasons that follow,

defendants' motion is denied.



                          **DISCUSSION**

        When assessing the sufficiency of a challenged indictment,

the court accepts the factual allegations in the indictment as

true.  United States v. Bohai Trading Co., 45 F.3d 577, 578 n.1

---

        [1]Donnie W. Lawson did not participate in the motion to
dismiss filed by his four co-defendants.  Accordingly,
"defendants" as used in this order refers to the four defendants
moving to dismiss but not Lawson.

(1st Cir. 1995).  An indictment is sufficient if "it elucidates the elements of a crime, enlightens a defendant as to the nature of the charges against which she must defend, and enables her to plead double jeopardy in bar of future prosecutions for the same offense."  United States v. Sepulveda, 15 F.3d 1161, 1192 (1st Cir. 1993).  Defendants, however, do not challenge the facial sufficiency of the indictment.

Instead, defendants make three arguments challenging the government's proof of their intent to engage in Medicare fraud. They argue that their prior experience with Medicare billing review, as alleged in the indictment, the "Panamed decision," did not put them on notice of what services were covered by Medicare. Next, they contend that the relevant section of the "Coverage Issues Manual," section 50-15, is too vague and ambiguous to inform them of the conditions and requirements for Medicare coverage.  Third, they contend that because they cannot be responsible for making medical decisions, the requirement in section 50-15 that covered services be "medically reasonable and necessary" cannot impose obligations on them.

While defendants present their arguments as if they were raising legal challenges to the government's charges against them, in fact they seem only to challenge the factual sufficiency of the government's proof of their intent to commit the charged crimes.  Essentially defendants contend that they did not know and could not have known Medicare coverage requirements, and therefore, did not make and could not have made intentionally

2

false statements or submit fraudulent bills for Medicare coverage. As if moving for summary judgment, defendants have submitted ten exhibits to support their motion. The exhibits present information outside of the indictment, apparently to show that the Medicare requirements, and particularly section 50-15, are ill-defined, vague, or ambiguous.[2] A question of intent, however, raises a factual issue that cannot be resolved on a motion to dismiss an indictment.[3]

A motion to dismiss simply tests the facial sufficiency of an indictment, not the factual sufficiency of the government's anticipated case. See United States v. Sampson, 371 U.S. 75, 78-79 (1962). Thus, an indictment is not subject to review based on the quality, quantity, or competency of the government's evidence supporting the charges. See Costello v. United States, 350 U.S. 359, 363-64 (1956). For that reason, a motion to dismiss an

---

[2]The exhibits submitted include the results of defendants' Freedom of Information Act requests, from responding Medicare carriers in thirty-seven states and the District of Columbia pertaining to each carrier's administration of section 50-15 and various treatment codes. The relevance of Medicare administration practices in states that have no apparent connection to the present prosecution is far from clear.

[3]Defendants' motion is distinguishable from a motion to dismiss on grounds that on indictment charges an offense based upon a vague or ambiguous statute. See Bohai Trading Co., 45 F.3d at 580. Here, defendants do not challenge the federal statutes under which they are charged, but instead argue that the Medicare regulatory framework did not prohibit their actions, or at least did not clearly inform them that their practices were not covered. Thus, if the evidence shows that defendants knew or were adequately informed that their practices were not covered by Medicare, as charged in the indictment, they would not dispute that their conduct was criminal. Defendants merely dispute the factual basis of the government's charges.

indictment is not to be used as the criminal practice equivalent of a summary judgment motion, as defendants have done here. See, e.g., United States v. Apple, 927 F. Supp. 1119, 1121 (N.D. Ind. 1996); United States v. Gulla, 833 F. Supp. 274, 284 (S.D.N.Y. 1993); United States v. Bicoastal Corp., 819 F. Supp. 156, 158 (N.D.N.Y. 1993). As defendants do not contest the facial sufficiency of the indictment, accepting all of the factual allegations as true, they raise no justiciable issue in their motion to dismiss.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss and to strike (document no. 36) is denied. The exhibits submitted in support of defendants' motion shall be returned to defendants' counsel.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

May 19, 1998

cc:  Robert M. Kinsella, Esq.
     Robert A. Griffith, Esq.
     Matthew J. Lahey, Esq.
     William A. Brown, Esq.

4